T.C. Memo. 2003-17

UNITED STATES TAX COURT

JAN LISTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9173-02L.                    Filed January 21, 2003.

Jan Lister, pro se.

<u>Donald E. Edwards</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on
respondent's motion for summary judgment, filed pursuant to Rule
121, and to impose a penalty under section 6673.[1]  Respondent

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

contends that there is no dispute as to any material fact regarding this levy action and that respondent's determination to proceed with collection of petitioner's outstanding Federal income tax liabilities for 1993 and 1994 by levy should be sustained as a matter of law.

Summary adjudication is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary adjudication may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary adjudication. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter

of law. Consequently, we shall grant that part of respondent's motion as moves for summary adjudication under Rule 121.

## Background

The record establishes and/or the parties do not dispute the following facts.[2]

Petitioner resided in Tulsa, Oklahoma, on the date petitioner filed her petition in this case.

Petitioner failed to file her Federal income tax return for 1993. On January 18, 1996, respondent mailed a statutory notice of deficiency to petitioner, in which he determined that petitioner was liable for an income tax deficiency and additions to tax for 1993. Petitioner received the notice of deficiency but did not petition this Court with respect to the notice of deficiency. Subsequently, respondent assessed the income tax deficiency, additions to tax, and interest against petitioner on July 22, 1996.

Petitioner also failed to file her Federal income tax return for 1994. On October 22, 1996, respondent mailed a statutory notice of deficiency to petitioner in which he determined that petitioner was liable for an income tax deficiency and additions to tax for 1994. Petitioner received the notice of deficiency

---

[2]The facts material to the Court's disposition of the motion for summary judgment are stated solely for purposes of deciding the motion and are not findings of fact for this case. See Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994)

but did not petition this Court with respect to the notice of deficiency. Subsequently, respondent assessed the income tax deficiency, additions to tax, and interest against petitioner on August 19, 1997.

On December 17, 2001, respondent mailed to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing (Letter 1058) covering the taxable years 1993 and 1994 after identifying a potential levy source. On December 29, 2001, petitioner timely submitted Form 12153, Request for a Collection Due Process Hearing, to respondent requesting a hearing under section 6330. On Form 12153, petitioner identified the taxable periods at issue as "beginning Jan. 1, 1993, ending Dec. 31, 2001" and supplied the following reasons for contesting the proposed collection action:

> Claimant never received cash. Claimant received bills of credit. Claimant provides noteable service. Claimant unable to meet cash demands. Claimant DNA is 75+ years. Claimant did not file 1993 and 1994 1040A. Civil penalties don't apply. See 1040 & Sched. R.

Attached to the Form 12153 was a Form 1040, U.S. Individual Income Tax Return, for the period "Jan. 1, 1993, ending Dec. 31, 2001" containing handwritten entries claiming no gross income, no taxable income, no tax payments, and no tax due. On the Form 1040, petitioner wrote on line 61 (used for entering the amount of tax overpaid), the word "UNKNOWN" and wrote "MAXIMUM" on line 62 (used to quantify the tax refund due).

By letter dated April 5, 2002, Appeals Officer Brenda J. Dodson advised petitioner that she had been assigned petitioner's case, and she explained the objective of a hearing under section 6330. Ms. Dodson also stated the following with respect to petitioner's explanation of her disagreement with the proposed collection action set forth in Form 12153:

> Based on your statement on the Form 12153, you are disputing the proposed levy action and that you had any taxable income for the periods in question. Based upon my review of the case administrative file and reviewing a transcript of the account in question it indicates assessments and balances due for the tax periods ending December 31, 1993 and December 31, 1994. You were afforded the opportunity to dispute the tax assessments upon issuance of the Notice of Deficiency. This notice afforded you 90 days to petition the United States Tax Court to contest the proposed tax determination. You did not exercise this right, prompting a default resulting in the assessments. Since you did not petition the United States Tax Court during this 90-day period you are not entitled to any further hearing relating to the amount of the liability for the 1993 or 1994 year under the Collection Due Process Hearing procedures.

Ms. Dodson also advised petitioner of collection alternatives but pointed out that two of those alternatives, an installment agreement and the offer in compromise, required that the taxpayer's filing obligations be current. Ms. Dodson emphasized that petitioner had not filed Federal income tax returns for any of the years 1995 through 2000. She advised petitioner that before the Service could evaluate any collection alternative, petitioner must submit current financial information, must indicate the monthly installment payment petitioner believed she

could afford, and must file all delinquent tax returns.  Ms. Dodson requested that petitioner submit the requested information by April 24, 2002, and stated that she would contact petitioner to schedule the hearing under section 6330 after she had an opportunity to review the information petitioner submitted.

Petitioner did not supply the information enumerated in Ms. Dodson's April 5, 2002, letter.  Instead, petitioner sent a letter dated April 10, 2002, to the Internal Revenue Service in Oklahoma City, OK and Kansas City, MO, the pertinent part of which stated as follows:

> Claimant waives personal appearance.  Claimant has not waived 60 day due process and the administration is in default.  Claimant is verily aggrieved.  The IRS, OTC has all the books and records that indicate that Claimant has no gainful activity.  Claimant filed IRS 1040 and OTC 511 beginning January 1 1993 ending December 31, 2001 no Federal income.  Claimant never received cash and the administration books and records do indicate no cash receipts before the tax and liens. Claimant is unable to do gainful work.

Although the Appeals Office in Oklahoma City received the letter on April 12, 2002, the record is silent as to when Ms. Dodson actually received and reviewed the letter.

By letter dated April 25, 2002, Ms. Dodson advised petitioner that she had not received petitioner's response to the April 5, 2002, letter and set a new deadline of May 9, 2002, for submitting the requested information.  Ms. Dodson warned petitioner that she would make a determination based on the existing administrative record if she did not receive

petitioner's response by May 9, 2002. Petitioner responded in a letter to Ms. Dodson dated April 30, 2002. Although several exhibits were attached to the letter, none of the exhibits supplied the information requested by Ms. Dodson. Petitioner's April 30, 2002, letter demanded that respondent pay her "all allowances, credits, standard deductions, benefits 1993 through 2001."

On May 9, 2002, the Appeals Office issued a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 in which it determined the following:

1. All legal and procedural requirements for the issuance of the Notice of Intent to Levy had been met.

2. Prior to the Appeals officer's consideration of the issues raised by petitioner, the Appeals officer had had no previous involvement with respect to petitioner's 1993 and 1994 income tax liabilities.

3. None of the issues raised by petitioner were meritorious.

4. Petitioner did not raise any spousal defenses.

5. Petitioner was not entitled to challenge the underlying liabilities for 1993 and 1994 because she had received notices of deficiency for those years.

6. The proposed levy action balanced the need for efficient collection of taxes with the legitimate concern of the taxpayer

that the collection action be no more intrusive than necessary and was appropriate under the circumstances.

Petitioner mailed a letter dated May 19, 2002, to this Court which this Court treated as a timely, but imperfect, petition appealing respondent's determination for 1993 and 1994. This Court then mailed petitioner an order requiring her to file a proper amended petition. On June 17, 2002, this Court received and filed petitioner's amended petition, which purported to cover the period from "1993 through present".

In her original petition, petitioner alleged, among other things, that she had no money and requested that the Court send her a form petition and "Pauper's Affidavit". Petitioner did not make any allegations in either her original petition or in her amended petition that the proposed levy was improper, nor did she raise any justiciable issue regarding the collection of the assessed liabilities other than a general assertion that she had no money.

On November 25, 2002, respondent filed a motion for summary judgment and to impose a penalty under section 6673. In that motion, respondent contends that he is entitled to summary adjudication as a matter of law, and he supports his contention with a declaration from Appeals Officer Dodson, signed under penalties of perjury, and related exhibits. Respondent also moves for the imposition of a penalty under section 6673 because

he alleges that petitioner instituted this proceeding primarily for delay and her position is frivolous and groundless. By order dated November 27, 2002, we directed petitioner to file a response to respondent's motion on or before December 27, 2002. Petitioner's response, which we received on December 18, 2002, and filed as of that date, merely asserts that she is unable to pay and appears to maintain that respondent owes her money. Petitioner, however, did not support her contentions with any documentation of her alleged inability to pay or of her entitlement to a refund.

Discussion

I. Jurisdiction

Respondent's notice of determination addressed only respondent's proposed levy action with respect to the taxable years 1993 and 1994. Petitioner's original petition referenced only 1993 and 1994. In her amended petition, however, petitioner identified the periods at issue as 1993 through the present. In order to avoid any confusion regarding the periods at issue, we consider, on our own initiative, our jurisdiction over years other than 1993 and 1994.

It is well settled that questions of jurisdiction may be raised by either party or the Court at any stage of a proceeding. Moorhous v. Commissioner, 116 T.C. 263, 272 (2001) (citing Smith v. Commissioner, 96 T.C. 10, 13-14 (1991)). Our jurisdiction

under section 6330(d) "is dependent on the issuance of a valid notice of determination and a timely petition for review." Offiler v. Commissioner, 114 T.C. 492, 498 (2000). If the Appeals Office did not make a determination with respect to a particular taxable period under section 6330, the absence of a determination is grounds for dismissal of a petition regarding such period. See id.

In this case, petitioner's amended petition covered the period from 1993 to the present. Respondent's determination under section 6330, however, only addressed 1993 and 1994, the only years as to which respondent issued final notices of intent to levy. Respondent issued no notices of intent to levy and made no determination under section 6330 for years after 1994. We hold, therefore, that we lack jurisdiction under section 6330 over any taxable years other than 1993 and 1994.

## II. Respondent's Motion

### A. Summary Adjudication

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing before the levy is made. If the person makes a request for a hearing, a hearing shall be held by the Internal Revenue Service Office of Appeals. Sec. 6330(b)(1). At the hearing, a taxpayer may contest the existence and amount of the underlying tax

liability only if the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must make a determination whether the proposed levy action may proceed.  In so doing, the Appeals Office is required to take into consideration the verification presented by the Secretary, the issues raised by the taxpayer, and whether the proposed collection action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed collection action.  Sec. 6330(c)(3).  The taxpayer may petition the Tax Court or, in limited cases, a Federal District Court for judicial review of the Appeals Office's determination.  Sec. 6330(d).

If the taxpayer files a timely petition for judicial review, the applicable standard of review depends on whether the underlying tax liability is at issue.  Where the underlying tax liability is properly at issue, the Court reviews any determination regarding the underlying tax liability de novo. The Court reviews any other administrative determination regarding the proposed levy action for abuse of discretion.  Sego v. Commissioner, supra at 610.

### 1. Petitioner's Underlying Tax Liabilities for 1993-94

In her original petition and in her amended petition, petitioner has asserted various arguments, most of which are confused and sometimes unintelligible. As best we understand them, however, the arguments appear to be directed to the existence of the underlying tax liabilities for 1993 and 1994 and are summarized below:

a. Petitioner never received wages because wagering on the job is illegal.

b. Petitioner did not receive any payments in cash or property; she received only Federal Reserve notes, which are not cash, property, or assets of any kind.

c. The U.S. Government owes petitioner money in the form of allowances and credits to which she is entitled which the Government has failed and refused to pay.

Each of the above-described arguments challenges the existence or amount of the underlying tax liabilities for 1993 and 1994. See sec. 6330(c)(2)(B).

The undisputed facts in this case establish that petitioner received a notice of deficiency for each of the years 1993 and 1994. Petitioner did not file any petition in this Court seeking a redetermination of the proposed deficiencies. As a result, upon the expiration of the statutory restriction on assessment

set forth in section 6213(a), respondent assessed the disputed liabilities.

A taxpayer may contest his or her underlying tax liability in a section 6330 proceeding only if he or she did not receive a notice of deficiency for the taxes at issue or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Petitioner received notices of deficiency for 1993 and 1994. Consequently, petitioner, as a matter of law, was not entitled to dispute the existence or amount of the underlying tax liabilities for those years in a section 6330 proceeding.

> 2. The Appropriateness of the Proposed Collection Action

Petitioner does not allege that the administrative proceeding in this case was defective. She alleges only that she has no money. We interpret petitioner's allegation as a contention that the liabilities are uncollectible due to her inability to pay.

We begin by noting that the material facts are not in dispute. Petitioner has unpaid Federal income tax liabilities for 1993 and 1994. Respondent issued a notice of intent to levy to petitioner and advised her of her right to request a section 6330 hearing. Because petitioner had received notices of deficiency for the years at issue, petitioner was not entitled to contest the underlying liabilities. Sec. 6330(c)(2)(B). Petitioner's only recourse was to demonstrate that the proposed

levy action was inappropriate, another collection alternative was more appropriate, an appropriate spousal defense applied, or some other relevant issue adversely affected respondent's proposed collection activity. Sec. 6330(c)(2). Nevertheless, petitioner's only contentions before the Appeals Office and before this Court regarding the appropriateness of respondent's proposed collection action were that she is disabled and unable to pay any liability and that she is entitled to a refund of allowances and credits. Petitioner waived her right to appear personally at the hearing under section 6330 and submitted no information whatsoever to either the Appeals Office or this Court documenting her assertion that she is unable to pay the subject liabilities or that she is entitled to any refunds or credits.

Petitioner supplied us with no factual record on which we could conclude that the Appeals Office's determination permitting the levy to proceed was an abuse of discretion. Consequently, we shall grant respondent's motion as to the summary adjudication under Rule 121.

B. <u>Respondent's Request for Section 6673 Penalty</u>

We turn now to that part of respondent's motion that seeks a penalty against petitioner under section 6673. Section 6673(a) authorizes this Court to impose a penalty not in excess of $25,000 on any taxpayer who institutes or maintains proceedings in this Court primarily for delay, asserts a position in such

proceeding that is frivolous or groundless, or unreasonably failed to pursue administrative remedies.

While we acknowledge respondent's concerns regarding petitioner's arguments in this case, we are unable to conclude on this record that petitioner instituted or maintained these proceedings primarily for delay or that petitioner unreasonably failed to pursue available administrative remedies. Petitioner timely filed her petition in this case and has not taken any steps to unduly prolong this proceeding. She has responded to this Court's orders by filing a timely response to respondent's motion, and she has even prepared and submitted a trial memorandum required by the Court's standing pretrial order issued on October 10, 2002. In addition, at the administrative level, petitioner made several attempts to communicate with respondent although the letters that she sent were confused, uninformative, and not helpful in determining whether a levy was an appropriate collection activity. The letters reflected a profound confusion on the part of petitioner regarding her entitlement to refunds and credits arising from such things as the personal exemption and the credit for the disabled and elderly. We are not prepared on this record to equate petitioner's apparent confusion with a deliberate attempt on her part to delay or obfuscate.

We also note that the record fails to establish that all of petitioner's claims were frivolous or groundless. While

petitioner's filings were confused, often unintelligible, and sometimes reminiscent of protester rhetoric, not all of the arguments contained in those filings were frivolous or groundless on their face. Petitioner's principal claim was that she is impoverished. In fact, she may well be. Unfortunately, petitioner did nothing to prove her financial condition at the section 6330 hearing before the Appeals Office. Although we have no record before us to review for abuse of discretion, that same lack of a record forecloses any conclusion we might otherwise have reached that petitioner's claim of poverty was either frivolous or groundless.[3] Consequently, we shall deny that part of respondent's motion that seeks a penalty under section 6673. We warn petitioner, however, that most of her arguments in this case were, to the extent that we understood them, of the type that might justify the imposition of a section 6673 penalty if petitioner were to assert those arguments again in another judicial proceeding in this Court.

Conclusion

We hold that the material facts are not in dispute and that respondent is entitled to a summary adjudication as a matter of law. We further hold that respondent correctly determined that

---

[3] We also note that the administrative record contains no indication that respondent warned petitioner that her arguments were frivolous or groundless or that her arguments might result in the imposition of a sec. 6673 penalty.

collection by levy should proceed.  We shall grant that part of respondent's motion seeking summary adjudication, deny that part of respondent's motion requesting the imposition of a penalty under section 6673, and enter a decision upholding respondent's proposed collection action.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.