114 T.C. No. 30

UNITED STATES TAX COURT

LUCIELLE J. OFFILER, A.K.A. LUCILLE OFFILER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16389-99.                    Filed June 19, 2000.

On Feb. 1, 1999, R mailed to P a Final Notice-
Notice of Intent to Levy and Notice of Your Right to a
Hearing, as required by sec. 6330, I.R.C. The notice
pertained to P's unpaid income tax liabilities for 1994
and 1995. Sec. 6330(a), I.R.C., requires only one such
notice for the tax period for which R is attempting to
collect tax. Under sec. 6330, I.R.C., P had 30 days in
which to request a hearing before the IRS Office of
Appeals. P did not request a hearing within 30 days of
Feb. 1, 1999. Had a timely request for hearing been
made, sec. 6330(c), I.R.C., provides for a hearing and
"determination" by Appeals regarding the propriety of
the proposed levy. Sec. 6330(d), I.R.C. permits an
appeal of such a determination to this Court within 30
days of the date of such determination. Because P
failed to make a timely request for hearing pursuant to
sec. 6330, I.R.C., R was not required to, and did not,
make a "determination" within the meaning of sec. 6330,
I.R.C.

Held: Pursuant to sec. 6330(d), I.R.C., our jurisdiction is dependent upon the issuance of a determination and the filing of a petition within 30 days of the issuance of such determination. Because R did not issue a determination to P, we must dismiss this case for lack of jurisdiction.

Lucielle J. Offiler, pro se.

Monica J. Miller, for respondent.


OPINION


RUWE, Judge: The petition in this case is based on respondent's alleged failure to hold a meaningful collection due process hearing as required by section 6330.[1] Respondent moved to dismiss for lack of jurisdiction on the grounds that petitioner did not make a timely request for a collection due process hearing by the Internal Revenue Service, Office of Appeals (Appeals), and therefore respondent was not required to, and did not, hold a hearing or issue a notice of determination which is a prerequisite to our jurisdiction under section 6330(d). At the time the petition was filed, petitioner resided in Kissimmee, Florida.

## Background

Petitioner seeks relief with respect to her 1993, 1994, and 1995 tax years. On October 13, 1995, a notice of deficiency for

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code applicable to the years in issue.

1993 was sent to petitioner's last known address. The 90-day period for timely filing a petition with this Court regarding this notice of deficiency expired on January 11, 1996. A notice of deficiency for 1994 and 1995 was mailed to petitioner's last known address on July 25, 1997. The 90-day period for timely filing a petition with this Court regarding this notice of deficiency expired on October 23, 1997. Petitioner received these notices of deficiency but did not file timely petitions with regard to either notice of deficiency. As a result, respondent assessed the deficiencies determined in those notices.[2]

On February 1, 1999, a Final Notice-Notice of Intent to Levy and Notice of Your Right to a Hearing was sent to petitioner regarding unpaid income taxes for 1994 and 1995. The notice did not pertain to petitioner's 1993 income tax, and petitioner has no unpaid tax with respect to 1993. The notice contained the following pertinent information:

FINAL NOTICE
NOTICE OF INTENT TO LEVY AND NOTICE OF
YOUR RIGHT TO A HEARING

---

[2]To the extent that the petition in this case could possibly be construed as a petition to the notices of deficiency, dated Oct. 13, 1995 (for the taxable year 1993), and July 25, 1997 (for the taxable years 1994 and 1995), the petition is obviously not timely. Sec. 6213 generally allows taxpayers 90 days from the date of the notice of deficiency in which to file a petition. Our jurisdiction with respect to a notice of deficiency is dependent upon a timely petition. See sec. 6213; Goza v. Commissioner, 114 T.C. 176 (2000).

## PLEASE RESPOND IMMEDIATELY

Your federal tax is still not paid. We previously asked you to pay this, but we still haven't received your payment. This letter is your notice of our intent to levy under Internal Revenue Code (IRC) Section 6331 and your right to receive Appeals consideration under IRC Section 6330.

We may file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice to your creditors that the government has a right to your current assets, including any assets you acquire after we file the lien.

If you don't pay the amount you owe, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property, or rights to property, such as real estate, automobiles, business assets, bank accounts, wages, commissions, and other income. We've enclosed Publication 594 with more information, Publication 1660 explaining your right to appeal, and Form 12150 to request a Collection Due Process Hearing with Appeals.

Petitioner did not request a collection due process hearing with Appeals within 30 days of the issuance of the above notice. Respondent thereafter initiated enforced collection by way of levy.

In addition to the notice regarding a taxpayer's right to a collection due process hearing pursuant to section 6330, respondent also provides Form 9423, Collection Appeal Request, for taxpayers to make requests for Appeals review of collection action under respondent's Collection Appeals Program (CAP). CAP is an administrative review program not required by statute. See 5 Administration, Internal Revenue Manual (CCH), sec. 9.4, at

15,261. On June 3, 1999, petitioner sent a Collection Appeal Request, Form 9423, to respondent regarding her income tax liabilities for 1993, 1994, and 1995. In an attachment to the form requesting a "CAP hearing", petitioner states that she accepts the offer of a "Collection Due Process Hearing". The only offer of a collection due process hearing by respondent was contained in the notice that respondent mailed to petitioner on February 1, 1999, regarding her unpaid 1994 and 1995 income tax liabilities.

In response to petitioner's Collection Appeals Request of June 3, 1999, respondent sent a letter to petitioner dated September 30, 1999, which denied the request. The denial of the request pertained only to amounts due with respect to petitioner's income tax liabilities for 1994 and 1995. (As previously mentioned, there is no unpaid liability for 1993.) This letter was not, and did not purport to be, a notice of determination pursuant to section 6330. The petition that gives rise to this case was filed on October 29, 1999.

## Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the taxpayer. In the Internal Revenue Service Restructuring and Reform Act of

1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens)[3] and 6330 (pertaining to levies) to provide what have been described as "due process" protections for taxpayers in tax collection matters.[4]  Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office due process hearing) and if dissatisfied, with judicial review of the administrative determination.  In pertinent part, section 6330 provides:

> SEC. 6630(a)  Requirement of Notice Before Levy.--
>
>      (1) In general.--No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.  <u>Such notice shall be required only once for the taxable period to which the unpaid tax specified in paragraph (3)(A) relates.</u>
>
>      (2) Time and method for notice.--The notice required under paragraph (1) shall be--
>
>           (A) given in person;
>
>           (B) left at the dwelling or usual place of

---

[3]There is nothing in the record to indicate that respondent issued a notice regarding the filing of a lien or that any determination was ever made with respect to matters covered by sec. 6320.  The Feb. 1, 1999, notice is a notice of intent to levy, which is governed by sec. 6330.

[4]While these provisions have been described in terms of "due process", they are legislative enactments.

business of such person; or

    (C) sent by certified or registered mail, return receipt requested, to such person's last known address,

<u>not less than 30 days before the day of the first levy</u> with respect to the amount of the unpaid tax for the taxable period.

    (3) Information included with notice.--The notice required under paragraph (1) shall include in simple and nontechnical terms--

    (A) the amount of unpaid tax;

    (B) <u>the right of the person to request a hearing during the 30-day period under paragraph (2);</u> and

    (C) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth--

        (i) the provisions of this title relating to levy and sale of property;

        (ii) the procedures applicable to the levy and sale of property under this title;

        (iii) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals;

        (iv) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under section 6159); and

        (v) the provisions of this title and procedures relating to redemption of property and release of liens on property.

(b)  Right to Fair Hearing.--

    (1) In general.--<u>If the person requests a hearing</u>

under subsection (a)(3)(B), such hearing shall be held
by the Internal Revenue Service Office of Appeals.

    (2) One hearing per period.--A person shall be
entitled to only one hearing under this section with
respect to the taxable period to which the unpaid tax
specified in subsection (a)(3)(A) relates.

    (3) Impartial officer.--The hearing under this
subsection shall be conducted by an officer or employee
who has had no prior involvement with respect to the
unpaid tax specified in subsection (a)(3)(A) before the
first hearing under this section or section 6320.  A
taxpayer may waive the requirement of this paragraph.
[Emphasis added.]

Section 6330(c) specifies the matters to be considered at the

hearing and in the determination by the Appeals officer.[5]

---

[5]SEC. 6330(c) provides:

    (c) Matters Considered at Hearing.--In the case of
any hearing conducted under this section--

    (1) Requirement of investigation.--The appeals
officer shall at the hearing obtain verification from
the Secretary that the requirements of any applicable
law or administrative procedure have been met.

    (2) Issues at hearing.--

      (A) In general.--The person may raise at the
hearing any relevant issue relating to the unpaid
tax or the proposed levy, including--

        (i) appropriate spousal defenses;

        (ii) challenges to the appropriateness
of collection actions; and

        (iii) offers of collection alternatives,
which may include the posting of a bond, the
substitution of other assets, an installment
agreement, or an offer-in-compromise.

(continued...)

Section 6330 applies to collection actions initiated more than 180 days after July 22, 1998 (January 19, 1999, and thereafter). See RRA 1998 sec. 3401(d), 112 Stat. 750.

Section 6330(a)(1) entitles a taxpayer to only one notice for a specific tax liability due for a taxable period.  Section 6330(a) and (b) restricts a taxpayer's statutory right to request a collection due process hearing before the Office of Appeals to the 30-day period following the date of the notice.  See also sec. 301.6330-1T(b) and (c), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3405 (Jan. 19, 1999).  On February 1, 1999, petitioner was notified in writing of her right to request a collection due

---

[5](...continued)

        (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

    (3) Basis for the determination.--The determination by an appeals officer under this subsection shall take into consideration--

        (A) the verification presented under paragraph (1);

        (B) the issues raised under paragraph (2); and

        (C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.

process hearing before Appeals under section 6330.  The notice

specified that petitioner had 30 days from the February 1, 1999,

notice to request a hearing.  Petitioner made no request for a

hearing within 30 days of the February 1, 1999, notice.  Because

no section 6330 hearing was requested, Appeals made no

determination pursuant to section 6330(c).

Section 6330(d) provides for judicial review of an Appeals

determination.  Section 6330(d) provides:

> (d) Proceeding After Hearing.--
>
>    (1) Judicial review of determination.--The person
> may, <u>within 30 days of a determination</u> under this
> section, appeal such <u>determination</u>--
>
>       (A) to the Tax Court (and the Tax Court shall
>    have jurisdiction to hear such matter); or
>
>       (B) if the Tax Court does not have
>    jurisdiction of the underlying tax liability, to a
>    district court of the United States.
>
> If a court determines that the appeal was to an incorrect
> court, a person shall have 30 days after the court
> determination to file such appeal with the correct court.
> [Emphasis added.[6]]

The determination by Appeals is the focus of any review in this

Court under section 6330(d), and that section specifies that a

---

[6]A taxpayer may file a petition with the Tax Court for review of an Appeals' determination where the underlying tax is the type of tax over which the Court normally has jurisdiction. See <u>Moore v. Commissioner</u>, 114 T.C. 171 (2000) (dismissing petition for review of collection action on the ground that the underlying trust fund taxes were not the type of tax over which the Court normally has jurisdiction).  The tax in question in this case is income tax, over which we normally have jurisdiction.

petition must be filed within 30 days of such a determination.

The notice of determination provided for in section 6330 is, from a jurisdictional perspective, the equivalent of a notice of deficiency.  We have held that the absence of a valid notice of deficiency is a basis for dismissal for lack of jurisdiction. See Savage v. Commissioner, 112 T.C. 46, 48 (1999); Monge v. Commissioner, 93 T.C. 22, 27 (1989).  This Court's jurisdiction under section 6330(d) is dependent on the issuance of a valid notice of determination and a timely petition for review.  It therefore follows that the absence of an Appeals determination under section 6330 is grounds for dismissal of a petition that purports to be based on section 6330.  Because there was no Appeals determination for this Court to review, there is simply no basis for our jurisdiction under section 6330(d).  We shall therefore dismiss this case for lack of jurisdiction.

To reflect the foregoing,

An appropriate order

will be entered.