T.C. Memo. 2002-264

UNITED STATES TAX COURT

RONALD W. NELSON, JR. AND JENNIFER J. NELSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5323-02L.                    Filed October 10, 2002.

Ronald W. Nelson, Jr. and Jennifer J. Nelson, pro sese.

Karen Nicholson Sommers and Scott A. Hovey, for respondent.

MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This matter is before the Court
on respondent's Motion To Dismiss For Lack Of Jurisdiction And To
Strike, as supplemented.  Respondent moves that this case,
insofar as it relates to a decision letter concerning equivalent
hearing, be dismissed for lack of jurisdiction on the ground that
"no Notice of Determination under I.R.C. § 6320 or § 6330 was

sent to petitioners with respect to a proposed levy to collect liabilities arising with respect to tax year 1997." As explained in detail below, we shall grant respondent's motion, as supplemented.

Background

The record establishes and/or the parties do not dispute the following:

A. Respondent's Notice of Intent To Levy

On February 9, 2001, respondent mailed to petitioners a Final Notice Of Intent To Levy And Notice Of Your Right To A Hearing (notice of intent to levy) concerning petitioners' unpaid tax liability for the taxable year 1997. The notice of intent to levy was sent to petitioners by certified mail at their last known address, see sec. 6330(a)(2)(C),[1] and was received by them on February 12, 2001.

Petitioners did not respond to the notice of intent to levy by paying their outstanding tax liability or making alternative arrangements to pay, nor did petitioners request, within the requisite period of time, consideration by respondent's Appeals Office. Accordingly, on or about May 1, 2001, respondent served a notice of levy on petitioner Jennifer J. Nelson's employer.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

B. <u>Respondent's Notice of Federal Tax Lien</u>

On or shortly after May 2, 2001, respondent filed a notice of Federal tax lien with the County Recorder for San Diego County, San Diego, California. See sec. 6323. Thereafter, on May 7, 2001, respondent mailed to petitioners a Notice Of Federal Tax Lien Filing And Your Right To A Hearing Under IRC 6320 (the notice required by section 6320(a)) concerning their unpaid tax liability for the taxable year 1997.[2] The notice required by section 6320(a) was sent to petitioners at their last known address, see sec. 6320(a)(2)(C), and was received by them no later than May 11, 2001.

C. <u>Petitioners' Request for an Administrative Hearing</u>

On or shortly after May 11, 2001, petitioners sent to the Internal Revenue Service Office of Appeals (Appeals Office) Form 12153, Request for a Collection Due Process Hearing, concerning their unpaid tax liability for the taxable year 1997 (petitioners' request for an administrative hearing). Petitioners filed their request for an administrative hearing in respect of both the notice of intent to levy and the notice required by section 6320(a).

---

[2] Both the notice of Federal tax lien and the notice required by sec. 6320(a) listed petitioners' unpaid tax liability for 1997 as $1,916.23.

D.   The Appeals Office Hearing

The Appeals Office concluded that petitioners' request for an administrative hearing was timely filed in respect of the notice required by section 6320(a) but was not timely filed in respect of the notice of intent to levy.  Accordingly, on October 9, 2001, the Appeals Office conducted both an administrative hearing in respect of the notice required by section 6320(a) and a so-called equivalent hearing in respect of the notice of intent to levy.  See sec. 301.6330-1(c)(2)Q&A-C7, (i), Proced. & Admin. Regs.

E.   The Notice of Determination and the Decision Letter

On January 25, 2002, the Appeals Office issued to petitioners a Notice of Determination Concerning Collection Action(s) Under Sections 6320 and/or 6330 (notice of determination).  The notice of determination was issued in respect of the notice required by section 6320(a), and it reflected the conclusion of the Appeals Office that the filing of the notice of Federal tax lien was an appropriate collection action by respondent.  The notice of determination also advised petitioners that they had 30 days to file a petition with the Tax Court seeking judicial review of respondent's determination regarding the notice required by section 6320(a).

Also on January 25, 2002, the Appeals Office issued to petitioners a Decision Letter Concerning Equivalent Hearing Under

Section 6320 and/or 6330 of the Internal Revenue Code (the decision letter). See sec. 301.6330-1(i), Proced. & Admin. Regs. The decision letter was issued in respect of the notice of intent to levy, and it reflected the conclusion of the Appeals Office that the notice of intent to levy was an appropriate collection action by respondent. The decision letter also stated in pertinent part:

> Your due process hearing request was not filed within the time prescribed under Section 6320 and/or 6330. However, you received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC Sections 6320 and/or 6330.

F. Petitioners' Petition and Respondent's Motion

On March 4, 2002, petitioners filed with the Court a Petition For Lien Or Levy Action Under Code Sections 6320(c) Or 6330(d). See Rule 331(b). Petitioners filed their petition in respect of both the notice of intent to levy and the notice required by section 6320(a).

In response to the petition, respondent filed a Motion To Dismiss For Lack Of Jurisdiction And To Strike. Respondent asserts that the Court lacks jurisdiction in respect of the notice of intent to levy on the ground that the decision letter does not constitute a notice of determination sufficient to invoke the Court's jurisdiction pursuant to section 6330(d).

Petitioners filed an objection to respondent's motion to dismiss, asserting in pertinent part as follows:

The hearing, of whatever nature, was held and it was during that hearing that the issue of, and challenge to, the underlying liability was raised and is a *fait accompli.* That "No Notice of Determination", of whatever nature, was or was not made is irrelevant to the issue of jurisdiction."

Pursuant to notice, this matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and argued in support of respondent's motion to dismiss. There was no appearance by or on behalf of petitioners, nor did petitioners file a written statement pursuant to Rule 50(c), the applicability of which was noted by the Court in its Order calendaring respondent's motion for hearing.

<u>Discussion</u>

A. <u>Statutory Framework</u>

Section 6321 provides that if any person liable to pay any tax neglects or refuses to pay the same after demand, the unpaid tax shall be a lien in favor of the United States upon all property and rights to property belonging to that person. Section 6322 provides that the lien imposed under section 6321 generally arises at the time of assessment. However, section 6323 provides that the lien shall not be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until the Secretary files a notice of lien with the appropriate public officials.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand for payment, the Secretary is authorized to collect the tax by levy upon the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide protections for taxpayers in tax collection matters. Sections 6320 and 6330 generally provide that the Commissioner cannot proceed with collection until the taxpayer has been given notice of, and the opportunity for, an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, the taxpayer may seek judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Sections 6320(a) and 6330(a) provide in pertinent part that the Secretary shall notify a person in writing of his or her right to an Appeals Office hearing regarding the Secretary's

filing of a notice of lien under section 6323 or the Secretary's intent to levy, respectively, by mailing the notice required by section 6320(a) or section 6330(a), as the case may be, by certified or registered mail to such person at his or her last known address.[3]

Section 6320(a)(2) provides that the prescribed notice shall be provided not more than 5 business days after the day on which the notice of lien under section 6323 is filed. Further, section 6320(a)(3)(B) provides that the prescribed notice shall explain that the person has the right to request an Appeals Office hearing during the 30-day period beginning on the day after the 5-day period described in paragraph (2).

Section 6330(a)(2) provides that the prescribed notice shall be provided not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period. Further, section 6330(a)(3)(B) provides that the prescribed notice shall explain that the person has the right to request an Appeals Office hearing during the 30-day period under paragraph (2).

---

[3] Although the term "last known address" is not defined in the Internal Revenue Code, we have held that a taxpayer's last known address (as the term is used in sec. 6213 regarding the proper mailing of a notice of deficiency) is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address. See, e.g., Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see also sec. 301.6212-2, Proced. & Admin. Regs.

Where the Appeals Office issues a determination letter to the taxpayer following an administrative hearing regarding a lien or levy action, sections 6320(c) (by way of cross-reference) and 6330(d)(1) provide that the taxpayer will have 30 days following the issuance of the determination letter to file a petition for review with the Tax Court or a Federal District Court.  We have held that the Court's jurisdiction under sections 6320 and 6330 depends on the issuance of a valid determination letter and the filing of a timely petition for review.  Kennedy v. Commissioner, 116 T.C. 255, 260-261 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001);  Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

As discussed below, we conclude that because respondent did not issue to petitioners a notice of determination pursuant to section 6330 in respect of the notice of intent to levy, we therefore lack jurisdiction over the petition insofar as that matter is concerned.

B.  Petitioners' Failure To Make a Timely Request for an Administrative Hearing in Respect of the Notice of Intent To Levy

On February 9, 2001, respondent sent to petitioners a notice of intent to levy.  Petitioners received the notice of intent to levy on February 12, 2001.  The notice informed petitioners that they had 30 days from the date of the notice to file a request for an Appeals Office hearing.

On May 7, 2001, respondent issued to petitioners the notice required by section 6320(a).

On or shortly after May 11, 2001, petitioners submitted to the Appeals Office a request for an administrative hearing in respect of both the notice of intent to levy and the notice required by section 6320(a). The 30-day period prescribed in section 6330(a)(2) and (3)(B) for the filing of a timely request for an Appeals Office hearing in respect of the notice of intent to levy expired on Monday, March 12, 2001. See sec. 301.6330-1(c)(2) Q&A-C3, Proced. & Admin. Regs.; see also sec. 7503. Because petitioners' request for an Appeals Office hearing was not timely in respect of the notice of intent to levy, the Appeals Office was not obliged to provide petitioners with the administrative hearing contemplated by section 6330 in respect of that notice. On the other hand, because petitioners' request for an Appeals Office hearing was timely with respect to the notice required by section 6320(a), the Appeals Office was obliged to provide petitioners with the administrative hearing contemplated by section 6320 in respect of that notice. Indeed, the record demonstrates that an administrative hearing was in fact conducted on October 9, 2001, in respect of the notice required by section 6320(a).

C.  Equivalent Hearing

In lieu of a hearing under section 6330(b) in respect of the notice of intent to levy, the Appeals Office granted petitioners a so-called equivalent hearing.  We have previously held that the Commissioner's decision to conduct an equivalent hearing does not result in a waiver by the Commissioner of the time restrictions within which a taxpayer is required to request an Appeals Office hearing under section 6330 in respect of a notice of intent to levy.  Kennedy v. Commissioner, supra at 262; Moorhous v. Commissioner, supra at 269-270.

D.  Decision Letter

On January 25, 2002, following the equivalent hearing, the Appeals Office issued to petitioners a decision letter stating that the notice of intent to levy was an appropriate collection action by respondent.  In addition, the decision letter unambiguously states that the equivalent hearing was not intended to serve as an Appeals Office hearing within the meaning of section 6330.  On the other hand, on January 25, 2002, the Appeals Office issued to petitioners a notice of determination advising petitioners that they had 30 days to file a petition with the Tax Court contesting the determination in respect of the notice required by section 6320(a).

As previously discussed, because petitioners failed to file a timely request for an Appeals Office hearing in respect of the

notice of intent to levy, the Appeals Office was not obliged to conduct such a hearing.  In this regard, the decision letter issued to petitioners was not, and did not purport to be, a notice of determination pursuant to section 6320 or section 6330. See Moorhous v. Commissioner, supra; Kennedy v. Commissioner, supra; Offiler v. Commissioner, supra at 495.

E.   Conclusion

Consistent with the foregoing, we shall grant respondent's Motion To Dismiss For Lack Of Jurisdiction And To Strike, as supplemented, on the ground that the Appeals Office did not issue a determination letter to petitioners pursuant to section 6330 due to petitioners' failure to file a timely request for an Appeals Office hearing pursuant to section 6330(a)(3)(B) and (b). In addition, we shall strike all references in the petition to the decision letter.

F.   Postscript Regarding Section 6673

Because our action granting respondent's motion will serve to dismiss only a portion of this case, we take this opportunity to advise petitioners of the provisions of section 6673(a)(1). As relevant herein, that section authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or

groundless. The Court has indicated its willingness to impose such penalty in lien and levy cases, <u>Pierson v. Commissioner</u>, 115 T.C. 576, 580-581 (2000), and has in fact imposed a penalty in a number of such cases; see, e.g., <u>Davich v. Commissioner</u>, T.C. Memo. 2002-255 (imposing a penalty in the amount of $5,000).

The petition in the present case advances some of the same arguments that led to the imposition of a penalty in <u>Davich v. Commissioner</u>, <u>supra</u>. Petitioners might therefore care to review that case and consider whether it is in their interest to persist in advancing such arguments.

In order to reflect the foregoing,

<u>An appropriate order granting respondent's motion to dismiss for lack of jurisdiction and to strike, as supplemented, will be issued</u>.