T.C. Memo. 2003-167

UNITED STATES TAX COURT

THOMAS HERRICK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11330-01L.                    Filed June 9, 2003.

Thomas Herrick, pro se.

<u>Karen Lynne Baker</u> and <u>Louise R. Forbes</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion To Dismiss For Lack Of Jurisdiction, as
supplemented.  Respondent contends that the Court lacks
jurisdiction over the petition on the ground that respondent did
not issue a notice of determination to petitioner pursuant to

sections 6320 or 6330.[1]

As explained in detail below, we shall dismiss this case for lack of jurisdiction on the ground that petitioner failed to make a timely request for an administrative hearing and, therefore, respondent was not obliged to (and did not) issue a notice of determination to petitioner.

Background

The record reflects and/or the parties do not dispute the following:

On October 13, 2000, respondent issued to petitioner (by certified mail) a Final Notice Of Intent To Levy And Notice Of Your Right To A Hearing (final notice of intent to levy) concerning petitioner's unpaid income tax liabilities for the years 1993, 1994, 1995, and 1996. There is no dispute that the final notice of intent to levy was mailed to petitioner at his last known address. Sec. 6330(a)(2)(C). Petitioner actually received the final notice of intent to levy on October 14, 2000. The final notice of intent to levy stated in pertinent part: "If you don't pay the amount you owe, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property".

On November 10, 2000, petitioner attempted to contact

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Revenue Officer Boyd Chivers, the individual identified as the "Person to Contact" on the final notice of intent to levy, for the purpose of requesting a 30-day extension of time to file a request for an Appeals Office hearing. Federal Government offices were closed on November 10, 2000, in observance of the Veterans Day holiday. Consequently, petitioner left a voice mail message for Revenue Officer Chivers requesting a 30-day extension. On November 13, 2000, Revenue Officer Chivers called petitioner and informed him that he would be granted a 30-day extension of time to respond to the final notice of intent to levy.

On or about December 14, 2000, respondent's Appeals Office received from petitioner a Form 12153, Request For A Collection Due Process Hearing. Petitioner's request was dated December 12, 2000. The Appeals Office initially informed petitioner that he would be afforded a "collection due process" hearing under section 6330. However, the Appeals Office subsequently concluded that petitioner had failed to file his request for a hearing within the time prescribed in section 6330, and, therefore, the Appeals Office granted petitioner an "equivalent hearing". See sec. 301.6330-1(i), Proced. & Admin. Regs.

On August 8, 2001, the Appeals Office issued a "decision letter" to petitioner stating that respondent would proceed with collection by levy. Respondent's decision letter stated in

pertinent part:

> Your due process hearing request was not filed within the time prescribed under Section 6320 and/or 6330. However, you received a hearing equivalent to [a] due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC §§ 6320 and/or 6330.

On September 10, 2001, despite the above-quoted statement in respondent's decision letter, petitioner filed with the Court a Petition For Levy Action Under Code Section 6330(d). In response to the petition, respondent filed a Motion To Dismiss For Lack Of Jurisdiction. Respondent asserted that the petition should be dismissed on the ground that the decision letter that respondent issued to petitioner does not constitute a notice of determination sufficient to invoke the Court's jurisdiction pursuant to section 6330(d). Petitioner filed an objection to respondent's motion to dismiss in which he asserted that his request for an Appeals Office hearing was timely inasmuch as it was made within the 30-day extension of time granted by Revenue Officer Chivers. Respondent filed a Response to petitioner's Objection in which he argued that section 6330 does not authorize respondent to extend the 30-day period within which a taxpayer may request an Appeals Office hearing. Therefore, respondent asserted that Appeals Officer Chiver's statement to petitioner that he would be granted an extension was ineffective to render timely petitioner's request for an Appeals Office hearing.

Pursuant to prior notice, this matter was called for hearing

at the Court's motions session in Washington, D.C. There was no appearance by or on behalf of petitioner at the hearing, nor did petitioner file a written statement with the Court pursuant to Rule 50(c), the provisions of which were explained by the Court in its Order calendaring respondent's motion for hearing. Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion to dismiss.

Following the hearing, respondent filed a Supplement, a Second Supplement, and a Third Supplement to his motion to dismiss.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days prior to enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330(a) provides in pertinent part that the Secretary shall notify a person in writing of his or her right to an Appeals Office hearing regarding a proposed levy by mailing such notice by certified or registered mail to such person at his

or her last known address.

Section 6330(a)(2) provides that the prescribed notice shall be provided not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period. Further, section 6330(a)(3)(B) provides that the prescribed notice shall explain that the person has the right to request an Appeals Office hearing during the 30-day period under paragraph (2).

Where the Appeals Office issues a notice of determination to the taxpayer following an administrative hearing regarding a levy action, section 6330(d)(1) provides that the taxpayer will have 30 days following the issuance of such determination letter to file a petition for review with the Tax Court or Federal District Court, as may be appropriate. See Offiler v. Commissioner, 114 T.C. 492, 498 (2000). We have held that the Court's jurisdiction under section 6330 depends on the issuance of a valid determination letter and the filing of a timely petition for review. See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Offiler v. Commissioner, supra at 498.

On October 13, 2000, respondent mailed to petitioner a final notice of intent to levy with regard to his unpaid taxes for 1993, 1994, 1995, and 1996. Petitioner received the final notice of intent to levy on October 14, 2000. Consequently, the 30-day period within which petitioner was required to file with

respondent a request for an Appeals Office hearing expired on Monday, November 13, 2000. See sec. 7503 (dealing with time for performance of acts where last day falls on Saturday, Sunday, or legal holiday); see also sec. 301.6330-1(c)(2), Q&A-C3 and Q&A-C4, Proced. & Admin. Regs.; cf. sec. 301.6320-1(c)(2), Q&A-C3 and Q&A-C4, Proced. & Admin. Regs.

Petitioner contends that the 30-day period did not expire on November 13, 2000, because he was granted an extension by Revenue Officer Chivers. Respondent concedes that on November 13, 2000, Revenue Officer Chivers informed petitioner that he was granted a 30-day extension of time to file a request for an Appeals Office hearing. Petitioner subsequently filed his request for an Appeals Office hearing with respondent on December 14, 2000.

In Kennedy v. Commissioner, 116 T.C. 255, 262 (2001), we held that the Commissioner is not authorized to waive the time restrictions imposed in section 6330. Consistent with Kennedy v. Commissioner, supra, Revenue Officer Chivers was not authorized to extend the period within which petitioner was authorized to file a request for an Appeals Office hearing. It follows that petitioner's request for an Appeals Office hearing, filed with respondent on December 14, 2000, was not timely. See Schake v. Commissioner, T.C. Memo. 2002-262 (taxpayer's allegation that he was given a grace period by Court personnel to file collection review petition would not serve to extend statutory period for

filing petition); Grama v. Commissioner, T.C. Memo. 1985-608 ("even if the Commissioner himself had given petitioners a written agreement purporting to extend the time within which to file a petition, he has no authority to do so").

Under the circumstances, the Appeals Office was not obliged to conduct an administrative hearing as contemplated under section 6330(b). In lieu of an Appeals Office hearing under section 6330(b), the Appeals Office granted petitioner a so-called equivalent hearing. Thereafter, the Appeals Office issued a decision letter to petitioner stating that respondent would proceed with collection. The decision letter does not constitute a notice of determination under section 6330(d), and it does not provide a basis for petitioner to invoke the Court's jurisdiction. See Kennedy v. Commissioner, supra at 263; see also Moorhous v. Commissioner, 116 T.C. 263, 270 (2001); cf. Craig v. Commissioner, 119 T.C. 252, 258-259 (2002).

Consistent with the preceding discussion, we hold that the petition in this case was not filed in response to a notice of determination sufficient to confer jurisdiction on the Court under section 6330. Accordingly, we shall grant respondent's motion to dismiss, as supplemented.

To reflect the foregoing,

An appreciate Order Of

Dismissal For Lack Of Jurisdiction

will be entered.