T.C. Summary Opinion 2004-70

UNITED STATES TAX COURT

GWENDOLYN B. SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19715-03S.              Filed May 20, 2004.

Gwendolyn B. Smith, pro se.

<u>Horace Crump</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the time that the petition was filed.  All Rule references are to the Tax Court Rules of Practice and Procedure.

This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the time prescribed in section 6330(d) or section 7502.  As explained below, we shall grant respondent's motion to dismiss.

Background

The record reflects and/or the parties do not dispute the following:

On October 31, 2002, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. Section 6320 regarding petitioner's Federal tax liabilities for the years 1995 through 1999.  Petitioner timely filed Form 12153, Request for a Collection Due Process Hearing. On June 5, 2003, respondent held a telephone conference with petitioner wherein petitioner did not dispute the fact that she received notices of deficiency for the years in issue and that she did not petition the Court challenging those deficiencies. Both parties discussed collection alternatives including an offer in compromise and audit reconsideration.  Based on the financial information provided by petitioner, the Appeals Office placed petitioner's unpaid tax liabilities in a noncollectible status.

On July 11, 2003, the Internal Revenue Service Appeals Office in Birmingham, Alabama, issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320

and/or 6330. The notice of determination was sent by certified mail to petitioner's last known address. The notice of determination informed petitioner that if she wanted to dispute respondent's determination in court, then she must file a petition with this Court "within 30 days from the date of this letter."

On November 17, 2003, the Court received and filed a petition for lien or levy action wherein petitioner seeks to challenge the underlying tax liabilities.[2] Attached to the petition is a copy of respondent's notice of determination. The petition, which is dated July 21, 2003, arrived at the Court in a properly addressed envelope, which was mailed to the Court by certified mail, return receipt requested, bearing a U.S. Postal Service postmark date of November 12, 2003.[3]

As indicated, respondent moved to dismiss the petition for lack of jurisdiction on the ground that the petition was not timely filed. Petitioner filed an objection to respondent's motion to dismiss stating in pertinent part as follows:

> I did file my petition on July 11, 2003. I asked the fees be waived * * *. I kept waiting to hear from the Court, but I did not hear anything. I found out the petition was not before the Court while talking to the

---

[2] At the time that the petition was filed, petitioner resided in Stevenson, Ala.

[3] We note that the envelope identifies H & R Block, 5614 Main Street, P.O. Box 310, Grant, Ala. 35747, as the return address.

Appeals Department. They advised me to call the Court Clerk to find out why the petition had not been filed. I called the Court and was told to mail the information again. I mailed it by certified mail the second time.

Thereafter, respondent's motion was called for hearing at the Court's trial session in Birmingham, Alabama. Counsel for respondent appeared at the hearing and offered argument in support of the motion to dismiss. Petitioner appeared and argued against the motion.

## Discussion

As applicable to this case, when the Appeals Office issues a notice of determination to a taxpayer following an administrative hearing regarding the filing of a Federal tax lien, sections 6320(c) (by way of cross-reference) and 6330(d)(1) provide that the taxpayer will have 30 days following the issuance of such notice to file a petition for review with the Tax Court or, if the Tax Court does not have jurisdiction over the underlying tax liability, with a Federal District Court. See Offiler v. Commissioner, 114 T.C. 492, 498 (2000). We have held that this Court's jurisdiction under sections 6320 and 6330 depends on the issuance of a valid determination letter and the filing of a timely petition for review. See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, supra at 498; see also Rule 330(b).

Petitioner contends that she signed the petition on July 21, 2003, and that it was purportedly mailed to the Court soon thereafter. Petitioner further contends that she remailed the same petition to the Court by certified mail on November 12, 2003, along with a cover letter explaining that it had already been mailed to the Court in July 2003.[4] There is no evidence in the record, however, to support the allegation that petitioner mailed the petition in July 2003 other than ambiguous testimony from Alma J. Kennamer, petitioner's H & R Block representative, that a copy of the signed petition was mailed in July 2003 "to the Tax Court in--up north somewhere, Massachusetts" by regular U.S. mail.[5]

The record in this case demonstrates that the petition was not filed within the 30-day period prescribed in section 6330(d)(1)(A). The 30-day period provided by section 6330(d)(1) for timely filing a petition for review of the notice of determination with this Court expired on Monday, August 11, 2003, which date was not a legal holiday in the District of Columbia. The petition was received and filed by the Court on November 17,

---

[4] We note that the petition filed on Nov. 17, 2003, is a signed original petition.

[5] Subsequent to the hearing on respondent's motion, the Court conducted a thorough search of its correspondence files from July 21, 2003, through September 2003. There is no record of any written communication having been received from either petitioner or Ms. Kennamer during that time frame.

2003, the 129th day after the mailing of the notice of determination.  Moreover, the envelope in which the petition was received at the Court bears a postmark date of November 12, 2003, the 124th day after the mailing of the notice of determination. See sec. 7502(a).  It follows that the petition was late filed and that we must therefore dismiss this case for lack of jurisdiction.  See McCune v. Commissioner, 115 T.C. 114 (2000).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

An order of dismissal for lack of jurisdiction will be entered.