RAYMOND SCHWENGEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schwengel v. Comm'r
Docket No. 13979-06L.
United States Tax Court
2007 U.S. Tax Ct. LEXIS 43; November 20, 2007, Entered
*43 Peter J. Panuthos, Chief special Trial Judge.
Peter J. Panuthos
ORDER AND ORDER OF DISMISSAL FOR LACK OF JURISDICTION
This matter is before the Court on petitioner's motion to vacate order of dismissal for lack of jurisdiction, filed April 23, 2007.
Background
On November 15, 2006, respondent filed a motion to dismiss for lack of jurisdiction on the ground that no notice of determination had been sent to petitioner for taxable year 2002. In his motion, respondent asserts that he mailed a Final Notice of Intent to Levy and Your Right to a Hearing with respect to taxable year 2002 on October 17, 2005, to petitioner at his last known address and that petitioner dated his request for a hearing on January 22, 2006. Respondent asserts in the motion to dismiss that he provided petitioner an equivalent hearing and issued a decision letter on June 17, 2006, rather than a notice of determination because petitioner's request for a hearing was untimely, i.e., more than 30 days after October 17, 2005.
On December 13, 2006, petitioner filed an opposition to respondent's motion to dismiss in which he contended that respondent did not have good reason to change the collection due process hearing into an *44 equivalent hearing and that respondent did not inform petitioner that the hearing was an equivalent hearing until petitioner received the decision letter. Petitioner further contended in his opposition that his request for a hearing under section 6330,[1] dated May 13, 2006, was timely because it was made within 30 days of his receipt of a Final Notice Before Levy on Social Security Benefits, dated April 17, 2006, a Copy of which petitioner attached to his opposition.
On March 28, 2007, the Court entered an Order dismissing this case for lack of jurisdiction on the ground that no notice of determination under section 6320 or 6330 was sent to petitioner for the taxable year 2002, nor has respondent made any other determination with respect to petitioner's taxable year 2002 that would confer jurisdiction on this Court.
On April 23, 2007, petitioner filed a Motion to Vacate Order of Dismissal for Lack of Jurisdiction. In it, petitioner contends he did not receive a Final Notice of Intent to Levy and Your Right to a Hearing with respect to taxable year 2002. Petitioner contends that respondent did not prove the existence or mailing to his last known address of the Final Notice of Intent to Levy and Your Right to a Hearing, *45 dated October 17, 2005. Petitioner verified his street address in Folkston, Georgia, and stated that he has had no problems with delivery of mail to that address. Petitioner points out that he received a Final Notice Before Levy on Social Security Benefits dated November 20, 2006, and a Final Notice Before Levy on Social Security Benefits dated December 26, 2005. Petitioner contends that there is no evidence that respondent mailed to him a Final Notice of Intent to Levy and Your Right to a Hearing. Petitioner contends that respondent should have a copy of the Final Notice of Intent to Levy and Your Right to a Hearing, and the return receipt or envelope marked "returned".
On July 13, 2007, respondent filed a Response to Petitioner's Motion to Vacate Order of Dismissal for Lack of Jurisdiction, in which respondent states that, as a matter of policy, respondent does not keep any copies of the Final Notice of Intent To Levy and Your Right to a Hearing, and thus does not have one dated October 17, 2005, that was allegedly mailed to petitioner. Respondent also states that respondent does not have any returned mail with respect to that notice. Attached to the response is a sample of the boilerplate *46 text that respondent contends would have been included in the Final Notice of Intent To Levy and Your Right to a Hearing, dated October 17, 2005. Also attached to the response is the declaration of an employee for respondent. Attached to that declaration are pages 2 and 3 of a 3-page printout which purport to be the results of a search of a "CDP Certified Mail Website" and a copy of an email message from the U.S. Postal Service dated June 19, 2007.
The document entitled "Certified Mail Website Research Date: 7/11/2007" shows three certified mailings associated with petitioner's taxpayer identification number. The information with each of those mailings includes "Notice Type: 90" The information about certified mail no. 7183 6247 9813 1197 6104 indicates, inter Glia, "Letter Date; 10/17/2005", "Post Office Received Date; (blank)", "Processing Location: Austin", "Name: RAYMOND H SCHWENGEL", "CityStateZip: FOLKSTON GA 31537-1113078", and "Form: 1040A Tax Period: 200212 MFT: 30".
The email message from the U.S. Postal Service attached to the declaration states: "Subject: U.S. Postal Service Track & Confirm email Restoration - 7183 6247 9813 1197 6104" and "Service Type: Certified". It further *47 states attempted delivery of certified mail no. 7183 6247 9813 1197 6104 on October 17, 2005, was refused at 2:30 p.m. and 4:42 p.m.
Petitioner's Form 12153, Request for a Collection Due Process Hearing regarding the taxable year 2002 was dated January 24, 2006.
Pursuant to notice, this case was called for a hearing on petitioner's motion to vacate order of dismissal at the Court's motions session held in Washington, D.C. on August 29, 2007. Counsel for respondent appeared at the hearing and offered argument in opposition to the motion to vacate. There was no appearance by or on behalf of petitioner at the hearing and petitioner did not submit a written statement in lieu of personal appearance at the hearing under Rule 50(c).
On September 4, 2007, Petitioner's Response to Respondent's Response to Petitioner's Objection to Respondent's Motion To Dismiss for Lack of Jurisdiction was filed. In it, petitioner again stated that he did not know about and had not received the Final Notice of Intent to Levy and Your Right to Hearing for taxable year 2002 until these proceedings commenced. Petitioner again alleged that respondent has not proven the existence or mailing of that notice.
Discussion
This Court's *48 jurisdiction to review certain collection activity by the Internal Revenue Service depends, in part, upon the issuance of a valid notice of determination by an Internal Revenue Service Appeals Officer under section 6320 or 6330. Offiler v. Commissioner, 114 T.C. 492 (2000); secs. 6320(c) and 6330(d)(1); Rule 330(b). A Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 of the Internal Revenue Code is not a notice of determination sufficient to invoke the Court's jurisdiction under section 6320 or 6330, Kennedy v. Commissioner, 116 T.C. 255, 263 (2001).
Respondent contends that this case should be dismissed because petitioner received a Decision Letter and not a Notice of Determination with respect to a proposed levy for taxable year 2002. Respondent contends that respondent issued a Decision Letter because petitioner's request for a hearing under section 6330 was late.
Pursuant to section 6330 the Commissioner is required to prepare and mail a final notice of intent to levy and a notice of the taxpayer's right to a hearing under section 6330. Sec. 6330(a)(1), (2), and (3); see Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000); Buffano v. Commissioner, T.C. Memo 2007-32. We may dismiss a case for lack of jurisdiction where we are not convinced that the requirement for proper preparation and mailing of a final notice of intent to levy and a notice of the taxpayer's right to a hearing under section 6330 has been met. Buffano v. Commissioner, supra (case dismissed for lack of jurisdiction on grounds of an invalid final notice of intent to levy because *49 it was not mailed to the taxpayer's last known address).
Petitioner has denied receiving a final notice of intent to levy with respect to the 2002 taxable year. Based on the record in this case, it is not clear that respondent prepared and mailed a final notice of intent to levy and your right to a hearing with respect to taxable year 2002 on October 17, 2005: as respondent alleges. Respondent failed to retain a copy of that document even though it is a legal document required by section 6330(a)(1) to be issued by respondent before any levy can be made and is the notice which starts the administrative procedures under section 6330. Section 6330(a)(3) describes the information required to be included with the notice. Without a copy of the final notice of intent to levy and your right to a hearing that respondent alleges was mailed to petitioner on October 17, 2005, the Court cannot be certain as to whether the required information was included with the notice. Respondent points out that a certified mailing list shows that respondent sent certified mail to petitioner on October 17, 2005. However, it is not clear from that list exactly what was mailed to petitioner on October 17, 2005.
The email message from the U.S. Postal Service attached *50 to the declaration of respondent's employee states that delivery of certified mail which, respondent contends was the final notice of intent to levy and your right to a hearing, was attempted and refused twice on October 17, 2005, which is the Same day that respondent contends the item was mailed. It seems unlikely that certified mail was mailed and presented for delivery on the same day.
Respondent's employee who signed the declaration to which the Postal Service email was attached did not appear to have prepared or mailed the final notice of intent to levy and your right to a hearing at issue in this case. Instead, he states that he reviewed a certain website which provided the basis for his declaration. The record lacks an adequate description of the website. The website as described in the record does not satisfy the requirements of section 6330(a)(3).
On this record, dismissal of this case is appropriate on the ground of that the final notice of intent to levy was invalid. See Buffano v. Commissioner, supra.
Premises considered, it is
ORDERED that petitioner's motion to vacate order of dismissal for lack of jurisdiction, filed April 23, 2007, is granted and the Order of dismissal entered March 28, 2007, is vacated. It is further *51 ORDERED that respondent's motion to dismiss for lack of jurisdiction, filed November 15, 2006, is granted and this case is dismissed for lack of jurisdiction on the ground that the final notice was not sent to petitioner and is therefore invalid. It is further
ORDERED that petitioner's Motion to Restrain Assessment or Collection filed September 22, 2006, is denied as moot.
/s/ Peter J. Panuthos
Peter J. Panuthos
Chief special Trial Judge
ENTERED: NOV 20 2007
Footnotes
1. Section references are to the Internal Revenue Code as amended. Rule references are to the Tax Court Rules of Practice and Procedure.↩