T.C. Memo. 2009-74

UNITED STATES TAX COURT

DENNIS HIGGINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22347-07L.                    Filed April 6, 2009.

Dennis Higgins, pro se.

<u>Susan Greene</u> and <u>Sheila R. Pattison</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion to dismiss for lack of jurisdiction.  At the
time he filed the petition, petitioner resided in Texas.

On or about February 10, 2007, respondent sent to petitioner
via certified mail a Final Notice--Notice of Intent to Levy and

Notice of Your Right to a Hearing for 2003 and 2004 (collection notice).[1]  The collection notice was delivered on February 20, 2007.

On April 18, 2007, petitioner mailed respondent a Form 12153, Request for a Collection Due Process Hearing (hearing request).  On or about April 25, 2007, respondent received petitioner's hearing request.

On September 17, 2007, respondent issued a decision letter to petitioner.

A taxpayer must submit a request for a hearing during the 30-day period commencing the day after the date of the collection notice.  Sec. 301.6330-1(b)(1), (c)(2), Q&A-C3, Proced. & Admin. Regs.  Petitioner did not timely request a collection hearing. Accordingly, petitioner received an equivalent hearing and a decision letter (instead of a section 6330 hearing and a notice of determination).

A decision letter is not a determination letter pursuant to section 6320 or 6330.  See Orum v. Commissioner, 123 T.C. 1, 7-12 (2004), affd. 412 F.3d 819 (7th Cir. 2005); Kennedy v. Commissioner, 116 T.C. 255, 263 (2001); Offiler v. Commissioner, 114 T.C. 492, 495 (2000).  Respondent did not issue a determination letter to petitioner sufficient to invoke the

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code.

Court's jurisdiction to review the notice of intent to levy for 2003 and 2004. See <u>Orum v. Commissioner</u>, <u>supra</u>; <u>Kennedy v. Commissioner</u>, <u>supra</u>. Accordingly, we shall dismiss the petition for lack of jurisdiction on the ground that respondent did not make a determination pursuant to section 6330 regarding the collection notice for 2003 and 2004 because petitioner failed to file a timely request for an Appeals Office hearing pursuant to section 6330(a)(3)(B) and (b).[2] See <u>Orum v. Commissioner</u>, <u>supra</u>; <u>Kennedy v. Commissioner</u>, <u>supra</u>.

To reflect the foregoing,

<u>An order of dismissal for lack of jurisdiction will be entered</u>.

---

[2] In his objection to the motion to dismiss for lack of jurisdiction and at the hearing on the motion, petitioner complained that he did not receive a hearing request form with the collection notice. Petitioner received the notice of intent to levy and was aware that he had 30 days to request a hearing. Petitioner obtained a Form 12153 from the Patriot Network online. Respondent asserts that sec. 6330 does not require that the IRS enclose a Form 12153 with the collection notice.

Even if we had jurisdiction over this case, petitioner did not raise this issue during his Appeals hearing. Accordingly, petitioner's claim would not be properly before the Court. See <u>Giamelli v. Commissioner</u>, 129 T.C. 107 (2007); <u>Magana v. Commissioner</u>, 118 T.C. 488 (2002).