T.C. Memo. 2012-42

UNITED STATES TAX COURT

ROBERT C. HUGHES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20101-10L.           Filed February 13, 2012.

<u>William G. Coleman, Jr.</u>, for petitioner.

<u>Horace Crump</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>: This matter is before the Court on respondent's motion
to dismiss for lack of jurisdiction. The issue for decision is whether petitioner

prematurely petitioned the Court, thereby depriving us of jurisdiction under section 6330(d)(1).[1]

Background

The facts set forth below are based upon examination of the parties' pleadings, motions, responses, and attachments. At the time he filed the petition, petitioner resided in Mississippi.

On January 8, 2001, the Internal Revenue Service (IRS) assessed a trust fund recovery penalty against petitioner. In 2006 petitioner entered into an installment agreement with the IRS that required him to pay $300 per month towards his outstanding tax liability. In May 2009 the installment agreement was suspended and subsequently reinstated at a higher monthly payment on the basis of changes in petitioner's financial status. Petitioner requested that the installment agreement be reinstated at $300 per month. The IRS denied petitioner's request.

On March 11, 2010, the IRS sent petitioner Letter 3172, Notice of Federal Tax Lien and Your Right to a Hearing.[2] Petitioner appealed through the IRS'

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] It is unclear whether petitioner continued making monthly payments of $300 or whether he ceased making payments altogether.

Collection Appeals Program (CAP) regarding his installment agreement and also requested a collection due process hearing (CDP hearing) by filing Form 12153, Request for a Collection Due Process or Equivalent Hearing.

On August 3, 2010, petitioner's counsel had a telephone CAP hearing with the IRS Office of Appeals (Appeals). On August 5, 2010, Appeals sent petitioner a letter (CAP letter) regarding his CAP hearing which sustained the IRS' denial of his proposed installment agreement. The CAP letter did not purport to be a notice of determination pursuant to section 6320 or 6330. Petitioner responded to the CAP letter by filing a petition with the Court on September 9, 2010. The petition states that the "notice of determination concerning collection action under Code section 6320 was made by the Internal Revenue Service Office of Appeals in Memphis, Tennessee, on August 5, 2010". Petitioner attached the CAP letter to his petition. Upon receipt of the petition, the Court set petitioner's case for trial at the Court's May 9, 2011, Jackson, Mississippi, trial session.

Petitioner's requested CDP hearing took place on December 8, 2010. On December 14, 2010, Appeals issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the filing of the lien. Petitioner did not petition the Tax Court with regard to the notice of determination.

On May 9, 2011, respondent made an oral motion to dismiss for lack of jurisdiction claiming that the Court lacked jurisdiction to hear petitioner's case because petitioner had filed his petition before the December 14, 2010, notice of determination was issued.

### Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid notice of determination and the filing of a timely petition for review. See Orum v. Commissioner, 123 T.C. 1, 8 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b). In the absence of either, this Court lacks jurisdiction.

The IRS had not issued a notice of determination to petitioner when he filed his petition on September 9, 2010. The CAP letter petitioner attached to his petition is not a notice of determination conferring jurisdiction on this Court. See sec. 301.6320-1(b)(2), Q&A-B5, Proced. & Admin. Regs. Regulations promulgated under section 6320 state that a CAP hearing is not "a CDP hearing

under section 6320 and any determination or decision resulting from the hearing would not be subject to judicial review under section 6320." Id.  Thus, the CAP letter does not constitute a notice of determination under sections 6320 and 6330 that would provide a basis for petitioner to invoke the Court's jurisdiction.  See Offiler v. Commissioner, 114 T.C. at 498 (finding no notice of determination conferring jurisdiction when Appeals reviewed taxpayer's case pursuant to CAP).

Furthermore, we do not have jurisdiction to review the notice of determination that was issued after petitioner filed his petition.  For the Tax Court to have jurisdiction under sections 6320 and 6330, a taxpayer must petition the Court within 30 days of the determination following a section 6330 hearing.  Secs. 6320(c), 6330(d)(1).  The IRS issued the notice of determination to petitioner on December 14, 2010, and petitioner did not file a petition with this Court within 30 days.  Accordingly, we must grant respondent's motion to dismiss for lack of jurisdiction.

To reflect the foregoing,

An order of dismissal for lack of jurisdiction will be entered.