T.C. Summary Opinion 2004-109


UNITED STATES TAX COURT


YAKUBA G. BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16142-03S.                    Filed August 10, 2004.


Yakuba G. Brown, pro se.

<u>Hieu C. Nguyen</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This matter is before the Court on respondent's motion for summary judgment, filed pursuant to Rule 121. As explained in more detail below, we shall grant such motion in part and deny the motion in part. We shall also, on the Court's own motion, dismiss for lack of jurisdiction and strike as to the taxable years 1997, 1998, and 1999.

Background

The record reflects and/or the parties do not dispute the following facts. On November 10, 2000, respondent sent to petitioner a notice of intent to levy regarding unpaid income tax liabilities for 1997, 1998, and 1999. Petitioner did not request an Appeals Office hearing with respect to this notice. On April 10, 2002, respondent sent to petitioner a notice of intent to levy regarding unpaid income tax liability for 2000. Petitioner timely requested an Appeals Office hearing with respect to the April 10, 2002, notice.

During the period November 2002 through part of July 2003, representatives of the IRS unsuccessfully attempted to contact petitioner by telephone and letter. A July 1, 2003, letter from the IRS Appeals Office advised petitioner that he was entitled to a hearing for the 2000 tax year pursuant to section 6330. The letter further advised that since a timely request for hearing was not made for 1997, 1998, and 1999, an equivalent hearing would be permitted as to those years. However, the letter

further advised that there was no right to dispute a decision by the Appeals Office. In July and August 2003, there were communications between petitioner and the IRS.

On August 4, 2003, the IRS representative received by fax from petitioner a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, containing financial information provided by petitioner. The IRS representative concluded that the information included in the statement was incomplete and inaccurate. Petitioner was advised of the above in a telephone conference.

On August 15, 2003, respondent issued a Notice of Determination Concerning Collection Actions(s) with respect to the taxable year 2000, informing petitioner of the opportunity to file a petition with this Court, and that the IRS would proceed with collection action if no petition was filed. Also, on August 15, 2003, respondent issued petitioner a Decision Letter with respect to the taxable years 1997, 1998, and 1999. The letter advised petitioner of the IRS's intent to proceed with collection action and further that petitioner would not have an additional opportunity to dispute the decision, since a request for hearing was not filed within the time provided under section 6330.

A petition was filed with the Court on September 22, 2003. At the time the petition was filed, petitioner resided in Moreno Valley, California. The petition indicates that the dispute

relates to the taxable years 1997, 1998, 1999, and 2000. As a basis for the relief requested, the petition states: "I'm in the process of having my previous tax returns reviewed by another CPA. I also would like a settlement on my account so that I can begin to move forward. I have been laid off twice in the past 3 years and have some financial hardship."

Within the motion for summary judgment, respondent asks that we dismiss this case for lack of jurisdiction as to the taxable years 1997, 1998, and 1999.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by way of levy upon the person's property. Section 6331(d) provides that at least 30 days prior to proceeding with enforced collection by way of a levy on a person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330(a) provides that the Secretary shall notify a person in writing of his or her right to an Appeals Office hearing regarding a notice of intent to levy. Section 6330(a)(2) provides that the prescribed notice shall be provided not less than 30 days before the day of the first levy with respect to the

amount of the unpaid tax for the taxable period. Further, section 6330(a)(3)(B) provides that the prescribed notice shall explain that the person has the right to request an Appeals Office hearing during the 30-day period under the paragraph (2).

Section 6330(c) prescribes the matters that may be raised by a taxpayer at an Appeals Office hearing. The section provides that a taxpayer may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection, such as an offer in compromise. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute such tax liability. Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Where the Appeals Office issues a determination letter to a taxpayer following an administrative hearing, section 6330(d)(1) provides that the taxpayer will have 30 days to file a petition for review with the Tax Court or Federal District Court. Craig v. Commissioner 119 T.C. 252, 257-258 (2002); Moorhous v. Commissioner, 116 T.C. 263, 268 (2001). We have held that the Court's jurisdiction under sections 6320 and 6330 depends on the issuance of a valid determination letter and the filing of a timely petition for review. Craig v. Commissioner, supra at 256;

Lunsford v. Commissioner, 117 T.C. 183 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

Taxable Years 1997, 1998, and 1999

As indicated, on November 10, 2000, respondent issued petitioner a notice of intent to levy with respect to the taxable years 1997, 1998, and 1999.[1]  Since a timely request for an Appeals Office hearing was not made, respondent offered petitioner an equivalent hearing.  Sec. 301.6330-1(i)(1), Proced. & Admin. Regs.; see Craig v. Commissioner, supra at 258.  In response to the Appeals Office hearing, respondent issued a decision letter on August 14, 2003.  The decision letter did not purport to be a determination pursuant to section 6320 or 6330. Kennedy v. Commissioner, 116 T.C. 255 (2001).

Consistent with the foregoing, we shall dismiss for lack of jurisdiction so much of the case that seeks review of the taxable years 1997, 1998, and 1999 on the ground that the Appeals Office did not make a determination with respect to those taxable years. In addition we shall strike all references in the petition to the taxable years 1997, 1998, and 1999.[2]

---

[1]  Respondent did not attach copy(s) of notice(s) of intent to levy.  In his motion, respondent referred to transcripts of account attached as exhibits.  Respondent references the transcripts as evidence that the notice(s) of intent to levy were sent to petitioner.  Petitioner does not appear to dispute that notice(s) of intent to levy was properly sent to petitioner's last known address.

[2]  It would have been better practice for respondent to file
(continued...)

Taxable Year 2000

As indicated, a timely petition was filed in response to the notice of determination as to the 2000 taxable year. Petitioner does not appear to dispute the underlying tax liability, and, accordingly, we review the Commissioner's administrative determination for abuse of discretion.[3] Lunsford v. Commissioner, supra at 185; Goza v. Commissioner, supra at 181-182.

The Appeals Office summary reflects that an offer in compromise was submitted by petitioner on February 16, 2001.[4] The offer in compromise was returned to petitioner on March 1, 2002, for failure to provide required supporting financial data. In his request for an Appeals Office hearing (Form 12153, Request for a Collection Due Process Hearing) dated April 24, 2002, petitioner left blank the section of the form which states:

---

[2](...continued)
a motion to dismiss for lack of jurisdiction and to strike, under these circumstances. See Rules 52, 53, and 54. However, given that it is clear that we do not have jurisdiction, and that we cannot ignore a jurisdictional issue simply because the parties have not filed an appropriate motion, the Court, on its own motion, will dismiss and strike as appropriate. Fernandez v. Commissioner, 114 T.C. 324, 328 (2000); Naftel v. Commissioner, 85 T.C. 527, 530 (1985).

[3] It is not clear from this record whether the amount due for the taxable year 2000 results from an underpayment or an understatement. Petitioner did not assert at the Appeals Office level that he disputed the underlying tax liability, nor does he articulate any such dispute in this proceeding.

[4] A copy of the offer in compromise was not made part of the record in this case.

"Notice of Levy/Seizure (Explain why you don't agree. Use extra sheets if necessary.)". By fax transmitted August 4, 2003, petitioner submitted a partially completed Form 433-A to the IRS. The Appeals Officer concluded that information as to income received by petitioner's wife was omitted from the financial statement. The Appeals Officer conducted a telephone conference on August 5, 2003, wherein petitioner was advised that the financial statement failed to include full financial information of the household. Petitioner advised the Appeals Officer that he would not be interested in an installment agreement for an amount that exceeded $50 per month. On August 15, 2003, the Appeals Officer issued the notice of determination advising that there were no collection alternatives available.

Based on this record, we conclude that respondent did not abuse his discretion. Respondent determined that petitioner did not submit complete or accurate information to respondent. Respondent gave petitioner an opportunity to correct and complete financial information, yet petitioner failed to do so. Petitioner has failed to raise a spousal defense or make a valid challenge to the appropriateness of respondent's intended collection action. These issues are now deemed conceded. See Rule 331(b)(4). Accordingly, we conclude that respondent's determination was not an abuse of discretion.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>An appropriate order and order of decision will be entered.</u>