T.C. Memo. 2012-301

UNITED STATES TAX COURT

LOREN G. RICE TRUST, LOREN GEORGETTE RICE, TRUSTEE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26843-10L.                    Filed October 31, 2012.

Loren Georgette Rice (trustee), for petitioner.

Shannon E. Loechel, for respondent.

MEMORANDUM OPINION

WELLS, Judge:  This case is before the Court on respondent's motion for

summary judgment pursuant to Rule 121.[1]  We must decide whether the

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended, and Rule references are to the Tax Court Rules of
Practice and Procedure.

[*2] determination made by respondent's Appeals Office to sustain the notice of Federal tax lien (NFTL) with respect to the Loren G. Rice Trust's 2007 tax liability was correct.

Background

The facts set forth below are based upon examination of the pleadings, moving papers, responses, and attachments. At the time the petition was filed, Loren Georgette Rice was a resident of Georgia and the Loren G. Rice Trust (trust) had a mailing address in Georgia.

The trust was formed during 2007, and Ms. Rice timely filed an initial return on the trust's behalf on April 15, 2008. On the Form 1041, U.S. Income Tax Return for Estates and Trusts, the trust reported income of $298,507, deductions of $298,507, and a zero tax liability. It also reported tax withholdings of $99,502, for which it claimed a refund. The entire $99,502 was refunded by a check made out to "Loren G. Rice, Loren Georgette Rice TTEE" on May 27, 2008. The check was cashed or deposited on June 17, 2008, and endorsed by "Loren G. Rice, Trustee".

On or about March 8, 2010, respondent made a quick assessment against Loren G. Rice, Loren Georgette Rice TTEE, and issued a Form 3552, Notice of Tax Due on Federal Tax Return. On March 30, 2010, respondent's revenue agent

**[*3]** visited Ms. Rice at her place of employment and delivered to her a copy of the Form 3552.

On March 30, 2010, respondent filed an NFTL with respect to the trust's 2007 tax liability. On or about April 13, 2010, respondent issued a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. On or about April 27, 2010, respondent received from Ms. Rice, on behalf of the trust, a timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the Form 12153 Ms. Rice requested both a lien and levy hearing.[2] Ms. Rice requested that the lien be withdrawn and wrote: "Lack of due process. NFTL was filed prematurely."

---

[2]The levy was considered in a separate hearing. Respondent's settlement officer considered Ms. Rice's allegation of a procedural error with the levy and determined not to uphold the levy. Respondent stopped the levy and refunded the levy proceeds. On December 7, 2011, after the petition had already been filed in the instant case, the Appeals Office issued a notice of determination with respect to the levy, determining not to sustain it. Respondent filed a motion to dismiss for lack of jurisdiction as to the levy in the instant case. Our jurisdiction under sec. 6330(d) is dependent upon the issuance of a valid notice of determination and a timely petition for review. Offiler v. Commissioner, 114 T.C. 492, 498 (2000). Because the notice of determination with respect to the levy was not issued until after the petition was filed in this Court, we have no jurisdiction with respect to the levy. Accordingly, we shall grant respondent's motion to dismiss for lack of jurisdiction as to the levy.

**[\*4]**   On August 18, 2010, Settlement Officer Stephan Harding sent Ms. Rice a letter acknowledging that the Appeals Office had received the Form 12153.  Mr. Harding scheduled a telephone conference and informed Ms. Rice that respondent considered her arguments frivolous and that therefore Mr. Harding had determined that she was not entitled to a face-to-face hearing unless she withdrew those frivolous arguments.  On or about August 27, 2010, Ms. Rice responded in writing to Mr. Harding's letter and requested that the hearing be conducted via correspondence.  On September 2, 2010, Mr. Harding sent Ms. Rice a letter acknowledging his receipt of her request to conduct the hearing via correspondence and requesting that she provide him with any information she would like him to consider, including information about the filing of the lien, collection alternatives, or any nonfrivolous arguments.

On September 20, 2010, Ms. Rice sent Mr. Harding a fax in which she made several allegations and arguments regarding the NFTL.  First, she contended that the NFTL violated her due process rights because she was "never provided with a validation of the alleged tax deficiency".  Second, she argued that the lien was filed prematurely because she had not been given the opportunity to dispute the tax liability.  Third, she argued that her rights were violated because a revenue agent visited her at work, a visit that she contends violated her rights pursuant to

**[\*5]** section 6304.  Fourth, she contended that the lien was filed in violation of section 6320, which requires that the Commissioner notify a taxpayer within five business days after filing an NFTL.  In support of her contention, she attached a certified copy of the NFTL, which states that it was filed on March 30, 2010, and a copy of the Letter 3172, which indicates that it was not prepared until April 13, 2010.  Ms. Rice requested that respondent withdraw the lien and provide a "verification/validation" of the tax debt.

On November 2, 2010, respondent mailed Ms. Rice a Notice of Determination Concerning Collection Action Under Section 6320 (notice of determination), sustaining the NFTL.  The notice of determination stated that, although respondent failed to provide notice of the NFTL within five business days as required by section 6320, respondent's actions nonetheless complied with the regulations governing situations in which proper notice is not provided within five days of the filing of the NFTL, citing section 301.6320-1(a)(2), Q&A-A12, Proced. & Admin. Regs.  The notice of determination stated that the Appeals Office verified that all other requirements of any applicable law, regulation, or administrative procedure had been met.  Specifically, the notice of determination also stated that respondent had issued a notice and demand for payment and that

[*6] the assessment had been made properly. With respect to the underlying liability, the notice of determination stated:

> You disagree with your liability because you claim "I was never provided with a validation of the alleged tax deficiency." The assessment was based on removing the incorrect withholding reported on the Form 1041 for the period ending December 31, 2007 of $99,502. A deficiency notice under IRC § 6212 is not applicable in this situation and the taxpayer received the Notice of Tax Due, Form 3552. The taxpayer's arguments are deemed frivolous because of the similarity to the positions outlined in Notice 2008-14, Frivolous Positions.

In response to the notice of determination, on December 6, 2010, Ms. Rice, on behalf of the trust, timely filed a petition in the instant case.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The moving party bears the burden of proving that there is no genuine dispute as to material fact, and factual inferences are viewed in the light most favorable to the nonmoving party. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Because the parties do not dispute any of the material facts, we conclude that the instant case is ripe for summary judgment.

**[\*7]** Section 6320(a) requires the Commissioner to send written notice advising the taxpayer of the filing of an NFTL and of the taxpayer's right to an administrative hearing on the matter. The hearing generally shall be conducted consistent with procedures set forth in section 6330(c), (d), (e), and (g). See sec. 6320(c). When a taxpayer requests a hearing, the Appeals Office must verify that all legal and procedural requirements have been met with respect to the NFTL filing or the proposed levy. Sec. 6330(c)(1). Specifically, the Appeals Office must verify, among other things, that the Commissioner properly issued the taxpayer a notice and demand for payment. Sec. 6303(a); Ron Lykins, Inc. v. Commissioner, 133 T.C. 87, 96-97 (2009). Sustaining an NFTL filing or a proposed levy without proper verification renders the Appeals Office's determination an abuse of discretion. Freije v. Commissioner, 125 T.C. 14, 36 (2005).

Respondent concedes that because the trust had no prior opportunity to dispute its underlying liability, it is entitled to do so in this proceeding. See Callahan v. Commissioner, 130 T.C. 44, 50 (2008). We review the trust's underlying liability de novo, but we review all other issues for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 609-610 (2000). The trust is precluded from disputing any issue, including a challenge to the underlying liability, which

**[*8]** was not properly raised during the hearing before the Appeals Office.  <u>See</u>

<u>Giamelli v. Commissioner</u>, 129 T.C. 107, 114 (2007).  The burden of proof is on the

trust to show error in respondent's determination as to the underlying liability.[3]  <u>See</u>

Rule 142(a).

Ms. Rice contends that she was not provided with a "validation of the

alleged tax deficiency", which she contends violates 15 U.S.C. sec. 1692g (2006).

That section imposes various obligations on a "debt collector", and Ms. Rice

contends that respondent is a debt collector subject to those provisions.  However,

15 U.S.C. sec. 1692a(6) provides that the term "debt collector" does not include

"any officer or employee of the United States * * * to the extent that collecting or

attempting to collect any debt is in the performance of his official duties".  Ms.

Rice's contention that the Internal Revenue Service is not part of the United States

Government has been deemed frivolous.  <u>See</u> Notice 2010-33, 2010-17 I.R.B. 609.

We need not refute such arguments with somber reasoning and copious citation of

precedent because to do so might suggest that they have some colorable merit.

<u>See</u> <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984); <u>Wnuck v.</u>

<u>Commissioner</u>, 136 T.C. 498 (2011).  Accordingly, we conclude that the

---

[3]Ms. Rice has not contended, and the record does not suggest, that the burden of proof as to any factual issue should shift to respondent pursuant to sec. 7491(a).

**[*9]** requirements of 15 U.S.C. sec. 1692g do not govern respondent's collection activities.  See also Busche v. Commissioner, T.C. Memo. 2011-285.

Additionally, Ms. Rice contends that she had no opportunity to contest her liability before respondent filed the NFTL.  The amount respondent is attempting to collect stems from an alleged erroneous refund resulting from the trust's alleged overstatement of income taxes withheld.  Respondent's assessment was not subject to the deficiency procedures but instead was subject to the summary assessment procedures of section 6201(a)(3).  See Boone Trust v. Commissioner, T.C. Memo. 2000-350.  Under those procedures, overstatements of income tax withheld are generally treated in the same manner as mathematical or clerical errors appearing on the return, except that in the case of an assessment of an overstated credit for withholding, the taxpayer has no right to request an abatement.  See secs. 6201(a)(3), 6213(b)(1) and (2).  In general, notice and demand for payment of tax shall be left at the dwelling or usual place of business of the taxpayer or shall be sent by mail to the taxpayer's last known address.  Sec. 6303(a).  Section 6303 requires only that the notice (1) state the amount of unpaid tax, (2) demand payment, and (3) be issued within 60 days of assessment.  Ms. Rice acknowledges that she received the Form 3552 when a revenue agent delivered it to her at her place of business on March 30, 2010, less than 60 days after the tax was assessed

**[*10]** on March 8, 2010. Accordingly, we conclude that the trust received adequate notice of the tax due. Ms. Rice had the opportunity to challenge the underlying liability during the collection due process hearing, but she raised no legitimate issues with respect to the trust's liability for the tax.

We next consider Ms. Rice's claim that her rights were violated by the revenue agent's visit to her at work, which she contends violated the provisions of section 6304. Section 6304(a) provides:

> SEC. 6304(a). Communication With the Taxpayer.--Without the prior consent of the taxpayer given directly to the Secretary or the express permission of a court of competent jurisdiction, the Secretary may not communicate with a taxpayer in connection with the collection of any unpaid tax--
>
> > (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the taxpayer;
>
> > \* \* \* \* \* \* \*
>
> > (3) at the taxpayer's place of employment if the Secretary knows or has reason to know that the taxpayer's employer prohibits the taxpayer from receiving such communication.
>
> In the absence of knowledge of circumstances to the contrary, the Secretary shall assume that the convenient time for communicating with a taxpayer is after 8 a.m. and before 9 p.m., local time at the taxpayer's location.

Ms. Rice contends that the revenue agent's visit to her place of employment was unusual and that respondent should have known not to visit her at work. We

[*11] disagree. There is no evidence that Ms. Rice provided respondent with notice not to visit her at work or that her employer prohibits such visits. Accordingly, the revenue agent's decision to deliver the Form 3552 to Ms. Rice at her place of employment was consistent with both section 6304(a) and section 6303(a), which states that a notice and demand for payment may be delivered to the taxpayer's usual place of business.

Finally, Ms. Rice contends that the NFTL is not valid because she did not receive notice of the NFTL within the five-day period after its filing as required by section 6320. However, as the Appeals Office noted in the notice of determination, the regulations provide that, even if notice is not sent within the five-day period, "The validity and priority of a NFTL is not conditioned on notification to the taxpayer pursuant to section 6320. Therefore, the failure to notify the taxpayer concerning the filing of a NFTL does not affect the validity or priority of the NFTL." See sec. 301.6320-1(a)(2), Q&A-A12, Proced. & Admin. Regs. Ms. Rice has not challenged the validity of this regulation. Accordingly, we conclude that respondent's failure to provide notice within the five-day period after filing the NFTL does not affect its validity.

The Appeals Office considered all of Ms. Rice's contentions, verified compliance with all applicable laws and regulations, and considered whether the

**[*12]** proposed collection action balanced the need for efficient tax collection with the concern that collection be no more intrusive than necessary.

On the basis of the foregoing, we sustain the Appeals Office's determination to proceed with collection.

We now consider whether to impose, sua sponte, a penalty against the trust pursuant to section 6673(a)(1). That section allows the Court to impose on a taxpayer a penalty of up to $25,000 whenever it appears that the taxpayer instituted or maintained a proceeding primarily for delay or that the taxpayer's position is frivolous or groundless. See Pierson v. Commissioner, 115 T.C. 576, 581 (2000). Although Ms. Rice has pursued frivolous arguments during the course of this proceeding, we have decided not to impose a penalty. However, we caution Ms. Rice that if, in the future, she pursues frivolous or groundless arguments in a proceeding before this Court, we will not hesitate to impose a penalty pursuant to section 6673.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

**[*13]**   To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.