T.C. Memo. 2015-135

UNITED STATES TAX COURT

MARK A. LOVELY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4855-14L.                      Filed July 27, 2015.

Mark A. Lovely, pro se.

Andrew J. Davis, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge: This case was brought by petitioner under section

6330(d)(1)[1] regarding a determination by the Internal Revenue Service (IRS)

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] Office of Appeals to sustain the collection by levy of petitioner's unpaid liability for assessed section 6702 frivolous return penalties and interest. We have jurisdiction to review a notice of determination when the underlying tax liability consists of frivolous return penalties. Callahan v. Commissioner, 130 T.C. 44 (2008).

## FINDINGS OF FACT

At the time the petition was filed, petitioner resided in North Carolina.

Petitioner failed to file a timely income tax return for 2005. The Forms W-2, Wage and Tax Statement, submitted to the IRS show that petitioner was paid wages in 2005 totaling $29,500. These reported wages were from Tradewinds Airline, Inc., and Triad International Maintenance Cor (sic) in the respective amounts of $19,285 and $10,215. Petitioner acknowledged that he received these amounts in 2005 as compensation for his services.

Using this information, on June 11, 2007, respondent prepared a substitute for return for petitioner's 2005 taxable year and subsequently assessed income tax, penalties, and additions to tax for 2005.[2] These assessments are not in issue in this case.

---

[2]The administrative file indicates that a notice of deficiency was mailed to petitioner and that a timely petition was not filed.

[*3] In July 2009 petitioner submitted a signed Form 1040X, Amended U.S. Individual Income Tax Return, to respondent that claimed that the amount of his adjusted gross income of $29,500 should be reduced by $29,500 and that the resulting tax liability for 2005 should be zero. Petitioner claimed a refund of $1,475.37. On the Form 1040X petitioner submitted the following explanation:

> Payer, via a W-2, characterized payments to me as "wages." This characterization is erroneous. This is because the payments I received constitute private sector earnings exclusively--not "wages," and because I did not engage in any taxable activity. Since I didn't receive any "wages" at all, there are no "wages" being reduced to zero on this return. Furthermore, amounts were withheld from my pay only in case I incurred a federal income tax liability. This liability never came into existence and the withholding has resulted in overpayments. This amended return constitutes a claim for a refund of those overpayments according to the amount indicated on line 23 above.

Attached to petitioner's Form 1040X was a Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., signed by petitioner showing zero wages for 2005 from Tradewinds Airline, Inc., with the explanation:

> 9 How did you determine the amounts on lines 7 and 8 above?
>
> Payer determined the amounts I received resulted from engaging in a private sector occupation of common right. Wages are taxable, but

**[*4]**  such amounts are not; thus, I earned $0 wages.  See attached document, "Worker Status Determination."

10  Explain your efforts to obtain Form W-2, Form 1099-R, or Form W-2c, Corrected Wage and Tax Statement.

None, since a 4852 substitutes for a W-2 when a "payer has issued an incorrect Form W-2."  Using a W-2, Payer incorrectly characterized my earnings as "wages," when in fact I was paid no "wages" at all, and I had engaged in no taxable activity.

In September 2012 petitioner submitted another Form 1040X to the IRS, which again showed the corrected amount of adjusted gross income of zero and claimed an additional refund of $781.51.  Attached to the second Form 1040X were two Forms 4852 signed by petitioner.  The first Form 4852 shows Triad International Maintenance Corp. as the employer and shows the amount of wages as zero.  The explanation on the Form 4852 was:

9  How did you determine the amounts on lines 7 and 8 above?

Payer determined the amounts I received resulted from engaging in a private sector occupation of common right.  Wages are taxable, but such amounts are not; thus, I earned $0 wages.  See attached document, "Worker Status Determination."

10  Explain your efforts to obtain Form W-2, Form 1099-R, or Form W-2c, Corrected Wage and Tax Statement.

None, since a 4852 substitutes for a W-2 when a "payer has issued an incorrect Form W-2."  Using a W-2, Payer incorrectly characterized my earnings as "wages," when in fact I was paid no "wages" at all, and I had engaged in no taxable activity.

**[\*5]** The second Form 4852 shows Tradewinds Airline, Inc., as the employer and shows the amount of wages as zero. The explanation on the Form 4852 was:

9  How did you determine the amounts on lines 7 and 8 above?

I received a W-2 which erroneously alleged payments of IRC Sections 3121 & or 3401 which are hereby disputed. I have earned no wages as defined in § 3121 or 3401.

10  Explain your efforts to obtain Form W-2, Form 1099-R, or Form W-2c, Corrected Wage and Tax Statement.

None. W-2 was mailed to me before "wage" errors were noted.

Respondent determined that both of the Forms 1040X that petitioner submitted constituted frivolous returns for purposes of section 6702 and assessed $5,000 for each of the Forms 1040X submitted by petitioner.

OPINION

When "any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand", the Commissioner is authorized to collect the unpaid tax "by levy upon all property and rights to property * * * belonging to such person". Sec. 6331(a). Section 6330(a)(1) provides that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made." If timely requested by the taxpayer, a CDP

**[\*6]** hearing is held by an Appeals officer within the IRS Office of Appeals who has had no prior involvement with respect to the unpaid tax. Sec. 6330(b); see Offiler v. Commissioner, 114 T.C. 492, 496 (2000). At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). The taxpayer is also entitled to raise issues regarding the underlying tax liability "if the person did not receive any statutory notice of deficiency for such tax liability". Sec. 6330(c)(2)(B).

Pursuant to section 6330(c)(3), the determination of a settlement officer must take into consideration: (A) the verification that the requirements of applicable law and administrative procedure have been met; (B) issues raised by the taxpayer; and (C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. The settlement officer considered all three of these matters. Following the CDP hearing, the Appeals officer will determine whether proceeding with the proposed levy is appropriate. If so, he will issue a notice of determination to proceed. Sec. 6330(c)(3); Offiler v. Commissioner, 114 T.C. at 498.

**[*7]**   The only issue raised by petitioner concerns his underlying liability for the two assessed $5,000 section 6702 penalties.  Petitioner did not receive a notice of deficiency.  We review a determination regarding the underlying tax liability de novo where the taxpayer did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see Montgomery v. Commissioner, 122 T.C. 1, 8 (2004); Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner acknowledges that he received compensation for his services during 2005 from Tradewinds Airline, Inc., and Triad International Maintenance Corp. but contends that it was not taxable income.  Petitioner contends "that he exercised no government granted privileges, federal prerogatives, and was not involved in any taxable activities in the 2005 taxable year, or any other taxable year from 1999 until present."  Petitioner contends that his compensation during 2005 was not taxable because he is a non-Federal worker and his compensation did not constitute wages.

Petitioner's argument has been held to be frivolous.  Pohl v. Commissioner, T.C. Memo. 2013-291; Hill v. Commissioner, T.C. Memo. 2013-264; Snow v. Commissioner, T.C. Memo. 2013-114; Notice 2007-30, 2007-1 C.B. 883.  We

**[*8]** perceive no need to refute petitioner's argument with somber reasoning and copious citation of precedent; to do so might suggest that it has some merit. See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). Consequently, we sustain respondent's determination.[3]

To reflect the foregoing,

Decision will be entered

for respondent.

---

[3]Respondent has not moved for an additional penalty under sec. 6673, which provides penalties for taking a frivolous or groundless position before the Court, and we will not impose one here. Nevertheless, petitioner is warned that should he take such positions in future cases it is likely that a sec. 6673 penalty of up to $25,000 may be imposed.