T.C. Summary Opinion 2014-95

UNITED STATES TAX COURT

JAMES R. MORRISON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 452-13S L.                    Filed September 23, 2014.

James R. Morrison, pro se.

<u>Louis H. Hill</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case was brought by petitioner under section 6330(d)(1) regarding the decision by the Office of Appeals to sustain the collection by way of levy of petitioner's unpaid income tax liabilities for the taxable years 2008 and 2009. Respondent has moved for summary judgment pursuant to the provisions of Rule 121.

## Background

Respondent sent to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing dated July 11, 2007, advising petitioner that respondent intended to levy to collect his unpaid income tax liabilities for the taxable years 2008 and 2009 and that petitioner could receive a hearing with the Office of Appeals.

Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. In that request, petitioner contends that he is not liable for the tax. A collection due process (CDP) hearing was conducted on October 3, 2012, during which petitioner argued that compensation paid to him by Bradford Schools during 2008 and 2009 was not taxable income because taxable "wages" for purposes of the Internal Revenue Code are limited to compensation

paid to government officials and do not include compensation paid to people who work for private employers. No collection alternative was discussed during the CDP hearing because petitioner contended only that he owed no tax for the years 2008 and 2009.

A notice of deficiency was mailed to petitioner on August 1, 2011, for petitioner's 2009 income tax year. A notice of deficiency for 2008 was mailed to petitioner on August 6, 2011. Petitioner does not deny receiving the notices of deficiency. The Appeals officer informed petitioner that he could not dispute the underlying income tax liabilities because a statutory notice of deficiency was issued to him for each of those years.

On November 27, 2012, Appeals issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 stating that respondent would proceed with the proposed levy. Petitioner timely filed a petition. Petitioner resided in Ohio at the time he filed his petition.

The issue petitioner has raised throughout this case is that the compensation paid to him by Bradford Schools does not constitute wages within the meaning of

the Internal Revenue Code and therefore that compensation is not subject to Federal income tax.[2]

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is

---

[2]The petition states:

> I am a private-sector citizen not an officer or employee of the United States, nor any federal corporation or partnership, nor of any public office, that I am employed by a private sector company (non-federal entity) not engaged in a privileged taxable activity, and as such, I did not receive any taxable income in the form of "wages" as defined in IRC 3401(a) or 3121(a), nor any "self-employment income" as associated to a "trade or business" and defined in IRC 7701(a)(26).

required to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine dispute for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000). We conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

When "any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand" the Commissioner is authorized to collect the unpaid tax "by levy upon all property and rights to property * * * belonging to such person". Sec. 6331(a). Section 6330(a)(1) provides that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made." If timely requested by the taxpayer, a CDP hearing is held by an Appeals officer within the Commissioner's Office who has had no prior involvement with respect to the unpaid tax. Sec. 6330(b); see Offiler v. Commissioner, 114 T.C. 492, 496 (2000). At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec.

6330(c)(2)(A).  The taxpayer is also entitled to raise issues regarding the underlying tax liability "if the person did not receive any statutory notice of deficiency for such tax liability".  Sec. 6330(c)(2)(B).

Pursuant to section 6330(c)(3), the determination of a settlement officer must take into consideration:  (A) the verification that the requirements of applicable law and administrative procedure have been met; (B) issues raised by the taxpayer; and (C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.  The settlement officer considered all three of these matters.  Following the CDP hearing, the Appeals officer will determine whether proceeding with the proposed levy is appropriate.  If so, he will issue a notice of determination.  Sec. 6330(c)(3); Offiler v. Commissioner, 114 T.C. at 498.

We have jurisdiction to review the determination made by Appeals.  See sec. 6330(d)(1); Offiler v. Commissioner, 114 T.C. at 498.  We generally review the Appeals officer's determination for abuse of discretion.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Under the abuse of discretion standard, we decide whether the determination of the Appeals officer was arbitrary, capricious, or without a sound

basis in fact or law. <u>Murphy v. Commissioner</u>, 125 T.C. 301, 308, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006). However, we review a determination regarding the underlying tax liability de novo where the taxpayer did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); <u>see</u> <u>Montgomery v. Commissioner</u>, 122 T.C. 1, 8 (2004); <u>Sego v. Commissioner</u>, 114 T.C. at 610; <u>Goza v. Commissioner</u>, 114 T.C. at 181-182.

Petitioner received notices of deficiency for both 2008 and 2009. Petitioner did not file timely petitions regarding these notices of deficiency and is therefore not entitled to contest the underlying liabilities in this case.

Even if petitioner were able to contest the underlying liabilities, his only argument is that his compensation during 2008 and 2009 was not taxable because he is a non-Federal worker, an argument that has been held to be frivolous. <u>See</u> <u>Zook v. Commissioner</u>, T.C. Memo. 2013-128; <u>Snow v. Commissioner</u>, T.C. Memo. 2013-114; Notice 2007-30, 2007-1 C.B. 883.[3]

_____

[3]In his response to respondent's motion for summary judgment, petitioner states:

> the matter which the Petitioner has brought before the court
> beginning with his original filing is that what I the petitioner have
> been paid and reported by means of a W-2 does not qualify as

(continued...)

Respondent's motion will be granted.

An appropriate order and

decision will be entered.

---

[3](...continued)
"wages" paid to an "employee" as those terms are defined within the code. The Respondent keeps reminding the court that the Petitioner can't argue the amount due as if that is the argument the Petitioner wants to bring before the court, **BUT IT IS NOT**. The only issue before the court is, do the numbers appearing on the W-2 represent "wages" paid to an "employee" as those terms are defined within the code, and the Respondent has provided no "additional evidence" as required by law.